## James Marwick et al., Defendants in Error, v. Maxwell Edgar, Plaintiff in Error.

### Gen. No. 16,205.

1. MUNICIPAL COURT—*what proceedings not subject to review.* The action of a judge of the municipal court in setting aside an order entered by another judge thereof while contrary to the rules of the municipal court involves a question of practice, and the action of the judge in setting aside such order will not be reviewed except to prevent a failure of justice.

2. MUNICIPAL COURT—*effect of rules upon question of jurisdiction.* Rules adopted by the municipal court do not make or abolish jurisdiction, although they control practice and procedure.

Error to the Municipal Court of Chicago; the HON. HOSEA W. WELLS, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed April 29, 1912.

NATHANIEL BACON, for plaintiff in error.

FREDERIC P. VOSE, for defendants in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

A judgment against the plaintiff in error and in favor of the defendants in error for one hundred and fifty dollars and costs was entered by the Municipal Court of Chicago on July 7, 1909. The judgment was in a suit of the fourth class on contract. It was entered by default, the defendant (the plaintiff in error here) having been served with process and duly called, and not appearing either by person or attorney. This judgment was entered by JUDGE FREEMAN K. BLAKE of the Municipal Court.

The Municipal Court Act (Section 211) provides that as there are no stated terms of the Municipal Court, judgments of that Court final in their nature shall be vacated, modified or set aside only upon appeal or writ of error or by a bill in equity, or by a petition to said Municipal Court setting forth grounds for vacating, setting aside or modifying the same which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity, unless a motion is made to the Municipal Court within thirty days after the entry of the judgment, in which case it may be vacated in the same manner and to the same extent as a judgment of a Circuit Court on a motion made during the term at which the same was rendered in such Circuit Court. It is, however, provided further that all errors in the proceedings in such case which might have been corrected at common law by the writ of error *coram nobis* may be corrected by motion, or the judgment may be set aside in the manner provided by law for similar cases in the Circuit Court.

On the fifth day of August, 1909, which was within thirty days of the entry of the judgment, a motion was filed by the defendant, Edgar, in the office of the Clerk

Marwick v. Edgar, 170 Ill. App. 167.

of the Municipal Court to vacate the order of judgment and two affidavits filed therewith, one by Edgar and one by his attorney, asserting that the defendant believed he had a meritorious defense to the suit, and that the default was occasioned by the fact that the attorney was called out of town before the suit was reached, and that the defendant being out of the city also did not receive a message from his attorney to him until after the default and judgment were entered.

This motion to vacate was by Chief Justice Olson of the Municipal Court denied on August 12, 1909, on which date it was first brought to the attention of the Court otherwise than by said filing.

August 17, 1909, the defendant Edgar filed a petition addressed to the Municipal Court, referring to the two affidavits above mentioned, and praying that "no further proceedings be had under the judgment rendered against this defendant until the further order of this" (the Municipal) "Court, and that this defendant may be given a trial by jury herein on such terms" as to the Court might seem just, and that the petitioner might have such other and further relief as justice might require.

On August 20, 1909, this petition was denied by Chief Justice Olson in the Municipal Court, and at that time Edgar was fined for contempt of court for making certain remarks in the presence of the Court.

On August 25, 1909, a document was filed by said Edgar in the Municipal Court, purporting to be "an answer to a rule to show cause why he should not be attached for contempt of court," (although no such rule is shown anywhere in the record), coupled with a motion that the plaintiffs in the case of Marwick et al. v. Edgar might be ruled to show cause, if they could, in writing, within five days after service of notice of a rule on their attorney why a jury trial in that case should not be had.

On August 31, 1909, on a hearing before Chief Jus-

tice Olson, the said Chief Justice stated that if said defendant would file a bond to pay any judgment which might be entered against him in the Municipal Court, the Court would "enter an order vacating the judgment and place the case down for a jury trial before his Honor Judge Wells."

On September 3, 1909, the following order was entered by Chief Justice Olson:

"This day came the parties to this cause by their attorneys respectively, and thereupon on motion of the defendant and on his filing a bond herein for three hundred dollars as security, it is ordered by the Court that the order of default and judgment thereon entered herein on the 7th day of July, A. D. 1909, be and the same hereby is vacated and set aside, and that the defendant have leave to appear herein and demand a trial by jury herein instanter. It is therefore ordered by the Court that this cause be and the same hereby is postponed and set for trial before Judge Wells on the 21st day of September, A. D. 1909, at 9:30 A. M."

The next order appearing in the record (and this appears only in the Bill of Exception) is as follows:

"This cause coming on to be heard on the 22nd day of October, 1909, in the City of Chicago, County and State aforesaid, before his Honor Hosea W. Wells, one of the Judges of said Court, Frederick P. Vose by Willard C. McNitt appearing for the plaintiff, and Nathaniel Bacon appearing for the defendant, said cause having been called for trial and the plaintiff having announced that he was ready for trial, but the defendant having objected to a trial on the ground that this Municipal Court of Chicago had no jurisdiction to try the case, and having been heard on said objection, the Court thereupon gave to said defendant the election of going to trial upon the issues raised in the pleadings or letting the judgment heretofore entered on July 7, 1909, stand as the judgment of this Court, and the defendant thereupon refused to make such election, and it appearing to the Court that the order heretofore

entered on September 3rd, 1909, by his Honor Chief Justice Olson, setting aside the judgment of July 7th, 1909, was entered more than thirty days after said judgment, and that the Court had no jurisdiction to enter such an order, the thirty days having elapsed in which the Court had jurisdiction to change, modify and set aside its orders, it is hereby ordered by the Court on motion of plaintiff that the order of September 3rd, A. D. 1909, by Chief Justice Olson setting aside the judgment of July 7, A. D. 1909, is set aside, vacated and held for naught and expunged from the record in said cause.

HOSEA W. WELLS,
*Judge.*"

The Bill of Exceptions or Additional Statement of Facts presented by the plaintiffs and signed by Judge Wells shows that after the order of September 3, 1909, entered by Judge Olson, namely, on October 19, 1909, the cause appeared on the trial call of the Municipal Court before Judge Wells, and it appeared that an immediate trial could be had before Judge Gemmill. Thereupon the cause was transferred to Chief Justice Olson for re-assignment, who thereupon assigned the cause to Judge Gemmill's court for trial. On October 22nd the cause again appeared upon the trial call of Judge Wells, and it appearing to Judge Wells that the cause had not been disposed of, but had been re-assigned by the Chief Justice to Judge Wells' Branch of the Court for trial, it was again called for trial. Both sides appeared, and the Counsel for defendant objected to a trial of said cause, stating for reason that the Court had no jurisdiction to try said cause, and for further reason that Judge Gemmill had on October 20th refused to hear said cause on the ground that he had no jurisdiction to try it. It was stated by the Court that no order had been entered of record by Judge Gemmill. Counsel for the defendant then presented a document to the Court which

declared that the defendant "acting under duress," "submitted to the calm consideration and decision of the Court whether the decision of said Court rendered by his Honor Judge Gemmill in said cause ought to be rendered or amended or changed in any way except by the Appellate Court of Illinois according to law," and that the defendant "protested against being compelled to further appear in said court in said cause."

It was following these proceedings that the order of Judge Wells last shown was entered.

A statement of the "Questions of Law" involved and the decisions of the Court thereon incorporated in the "Bill of Exceptions," shows that Judge Wells held that Judge Olson had no jurisdiction to enter the order of September 3rd, that it was void, and that he, Judge Wells, had power to vacate it. A further question was stated thus: "Was the action of Judge Wells in setting aside the order entered by Chief Justice Olson in violation of Rule 5 of the Municipal Court?"

Rule 5, of which the Municipal Court Act requires us to take judicial notice, is as follows:

"One or more judges shall be designated by the Chief Justice to hear motions in the First District, and all motions in civil cases pending in said district, whether of course or contested, except motions for new trial and motions subsequent thereto or motions arising during the actual trial of a case, and except motions to vacate or set aside any order or finding made by some other judge, shall be heard and disposed of by such motion judge or judges. These last mentioned motions shall be heard only by the judge who made the order or finding sought to be set aside, if such judge is hearing civil cases in the District, otherwise the motion judge may hear such motions."

The assignment of error in this Court is that "The Municipal Court of Chicago, the Hon. Hosea W. Wells, Associate Judge presiding, erred in making the order

and in entering the order dated October 22, 1909, as set forth,'' etc.

The record we have detailed is certainly peculiar and the proceedings in several respects irregular.

Two facts, however, stand out beyond question. The defendant had no legally sufficient excuse for his non-appearance on July 7, 1909, and after he had procured the order of September 3, 1909, setting the judgment of July 7th aside, he was much more desirous to take advantage of technicalities to avoid a trial than to submit to a trial on the merits.

It is true that Rule 5 of the Municipal Court seems to render irregular an order of Judge Wells setting an order of Chief Justice Olson aside, but so it seems to render irregular an order of Judge Olson setting Judge Blake's judgment aside. Rules of Court do not make or abolish jurisdiction, although they control practice and procedure. If the order of September 3rd was void, as Judge Wells held, then the judgment of July 7th is in force, and there is no error shown in it. If the order of September 3rd was not void, then the cause was pending in the Municipal Court before Judge Wells on October 22nd, and he had jurisdiction to set aside and vacate the order of September 3rd. If in doing so he acted irregularly or erroneously under the rules of the Municipal Court, it was a matter of practice in said Court that he was in error about, and the Municipal Court Act says that we shall not interfere to give relief in such a case ''unless such relief is necessary to prevent a failure of justice.''

We are not satisfied that any injustice has been done or that the judgment resulted from ''substantial errors of said Municipal Court.'' It is therefore affirmed.

*Affirmed.*