## Northern Coal & Supply Co., Appellant, v. Mueller Bros. Fuel Co., Appellee.

### Gen. No. 16,919.

1. SET-OFF—*when plaintiff estopped to deny right of.* In a Municipal Court suit of the first class to recover the value of coal delivered under a contract, plaintiff is estopped under rule 22 of the Municipal Court Act from questioning the right of defendant to interpose a verified claim of set-off for damages sustained by reason of plaintiff's failure to deliver coal under another contract where plaintiff did not move, under said rule 22, to strike said verified claim of set-off from the files, but instead joined issue on such point.

2. INSTRUCTIONS—*when Municipal Court may refuse written.* Where oral instructions are given under the Municipal Court Act, the interposition of general objections together with the tender of written instructions is improper practice under rule 8 of said act, and the court may properly refuse such instructions.

3. INSTRUCTIONS—*when proper on the point of damages.* An instruction that the amount of damages shall be fixed by the jury, under the evidence and instruction of the court, is proper.

4. DAMAGES—*when not excessive.* Damages assessed by the jury are not excessive where the amount is within the range of the testimony.

5. MUNICIPAL COURT—*judicial notice of rules.* Though it is the better practice to set forth rules of court relied on in the record on appeal, the Appellate Court will assume that rules are correctly set forth in the briefs and publications to which its attention has been called where the constitutionality of the section of the Municipal Court Act, as to judicial notice of rules, is not raised.

Appeal from the Municipal Court of Chicago; the Hon. W. H. DIETRICH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed June 4, 1912.

N. W. HACKER, for appellant.

P. F. MURRAY, for appellee; JOHN T. MURRAY, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

This is an appeal from a judgment rendered in a case in the Municipal Court of Chicago.

As the decision must be reached largely upon a consideration of the effect of the rules of the Municipal Court, and as none of the rules appear in the record of the case, the judgment would have to be reversed unless this court take judicial notice of the rules of the Municipal Court as provided by section 20 of the act creating that court. The question does not appear to have been decided by the Supreme Court, but in Marwick et al. v. Edgar, 170 Ill. App. 167, it has been assumed that the Appellate Court will take judicial notice of such rules. It is a matter of doubt whether the title of the act creating the Municipal Court is broad enough to cover a provision prescribing the practice of the Appellate and Supreme Courts in cases brought to these courts by writ of error or appeal from the Municipal Court. It has been many times held that the Appellate Court and the Supreme Court will not take judicial notice of the rules of the Circuit and

344    APPELLATE COURTS OF ILLINOIS.

Northern Coal & Sup. Co. v. Mueller Bros. Fuel Co., 171 Ill. App. 342.

other courts. If the provision of the statute referred to is held to be constitutional, then the practice or procedure in the Appellate and Supreme Courts will be different in cases arising in the Municipal Court than in those arising in other courts of the state. In the case before us the question is not raised, and in order that there may be uniformity in the practice it will be assumed by us that the rules of the Municipal Court are correctly set forth in the briefs and in publications to which our attention has been called. We think it the better practice that the rules of court as well as ordinances relied upon be set forth in the record. (City of Chicago v. Williams; 254 Ill. 360; City of Chicago v. Openheim, 229 Ill. 313.)

The suit is one of the first class, but no written pleadings were filed. The case was tried upon a verified statement of claim, an affidavit of meritorious defense, a verified statement of set-off, a verified reply to the set-off, a verified rejoinder to the reply to the set-off, and a verified nonrejoinder to said rejoinder.

The claim of the plaintiff (appellant) is for coal delivered by it to the defendant, of the value of $1,260.70. As to this amount there is no contest. The counterclaim interposed by the defendant was for the difference between the market price and the contract price of thirteen carloads of coal, claimed by the defendant to have been contracted for by it with the plaintiff but not delivered. The jury fixed the amount of damages on the counterclaim at $877.50 and rendered a verdict in favor of the plaintiff (appellant) for $383.20, upon which the judgment was rendered from which this appeal is taken.

It is first insisted by appellant that the counterclaim should not have been allowed because the damages claimed by the defendant were unliquidated and unconnected with the contract sued on. We do not think this point is well taken. In its brief the appellant says: ''The only controversy between the parties

arose out of the claim of set-off by the defendant,'' etc. As has been stated, the defendant filed a verified claim of set-off with its affidavit of merits. No motion was made, under rule 22, to strike this verified claim from the files, but instead the plaintiff joined issue— if that term may be used where there are no written pleadings—by filing an affidavit of reply, under rule 21. Affidavits of rejoinder and surrejoinder were also filed under the provisions of the same rule. We think that the appellant is now estopped by its conduct under said rule 22 from questioning the right of appellee to interpose the counterclaim.

A large part of the brief of appellant is devoted to the matter of instructions. No objections to the charge were made in the manner provided by rule 8, which is as follows:

''Objections to the giving or refusing of oral instructions to the jury must be specific and must be made immediately upon the conclusion of the charge and before the jury retire.''

It does not appear in the record that the charge to the jury was oral, but it is stated in the brief of appellee, and not denied by appellant, that such was the case. The record shows the giving of several instructions, and the interposition by the plaintiff of objections or exceptions; that thereupon the plaintiff by its counsel requested the court to give several other instructions tendered in writing, which were refused and exception taken by the plaintiff.

In the case of Morton v. Pusey, 237 Ill. 26, the Supreme Court had before it a case in which a similar situation arose, and in disposing of it used the following language:

''Counsel for plaintiff in error did not make any objection nor take any exception to the charge so far as the law stated or omitted was concerned, but asked that two of the written instructions which he had before passed up, and which two he then again presented, should be given. The court refused both. One

of them contained a proper element which went to the measure of damages, the substance of which should have in some manner been given to the jury, but as offered these instructions were properly refused for the reason that they were in writing when the court had determined to charge the jury orally and had so advised counsel before beginning to instruct.''

We have carefully examined the charge in the record, notwithstanding the technical questions raised in this court by the appellee, and are of the opinion that no error which should reverse the case appears in the same. The portion of the charge most strenuously objected to is as follows: ''That under the evidence the defendant is entitled to damages by way of set-off. That the amount is to be fixed by the jury under the evidence and the instruction of the court.''

We think it quite clear from the record that the appellant failed to deliver to appellee a number of cars of coal which it had contracted to deliver. Whether this number was not more than twelve, as claimed by the appellant, or was thirteen, as claimed by appellee, is unimportant. The evidence shows that the market price was greater than the contract price. This appears from the testimony of appellant's witnesses, who, however, placed the amount at a much smaller figure than did witnesses for appellee. The jury were informed that the amount was to be fixed by the jury under the evidence, and in our opinion this was proper. We find no error in the admission or rejection of testimony which should cause a reversal.

It is claimed by the appellant that the damages assessed by the jury in favor of the appellee on its counterclaim were excessive. We have examined the record with care, and find this amount to be within the range of the testimony.

As we find no substantial error in the record, the judgment will be affirmed.

*Affirmed.*