Joseph Denunzio Fruit Company, Defendant in Error, v. Pennsylvania Company and Pennsylvania Railroad Company, Plaintiffs in Error.

Gen. No. 17,329.

1. STIPULATIONS—*when to be construed broadly.* A stipulation of the parties to a case, with reference to testimony designed to shorten the trial and to save expense, should be construed broadly.

2. CARRIERS—*stipulation as to condition of refrigerating car.* A stipulation between a railroad company and a consignee that witnesses for the company would testify that their records, kept by them in the course of their duties, were true and correct and would show facts as to the movement of a refrigerating car, its temperature and ventilation, will be construed to mean that the witnesses shall testify in a legal way from records kept in the usual course of their duties, that they have no independent recollection of the facts and that using the records to refresh their recollection they will testify as therein stated, and is admissible in an action to recover for the loss of goods damaged by an improper temperature.

3. MUNICIPAL COURTS—*when certified copy of rules is not part of record.* On writ of error to the Municipal Court of Chicago, a motion for leave to file, in the Appellate Court, a certified copy of the rules of the Municipal Court, will be denied, as filing a certified copy of the rules would not make them a part of the record.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed October 1, 1912.

LOESCH, SCOFIELD & LOESCH, for plaintiffs in error.

CHARLES A. BUTLER, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

On September 19, 1908, 100 barrels of cranberries were shipped in one car, P. R. R. Co. No. 102810, from Falmouth, Mass., to the defendant in error at Louisville, Ky., via the New York, New Haven & Hartford

R. R. Co. and Pennsylvania R. R. Co. The car arrived at its destination on September 26, 1908. The time of unloading is controverted in the evidence,—the defendant in error claiming that the car was unloaded the day of its arrival, while plaintiffs in error allege that September 26th was Saturday; that the car was received early in the morning and defendant so notified, but that on Monday, September 28th, the car was still in its possession, and a written notice was sent to defendant in error. There was evidence to show that some 20 barrels of the 100 were opened, and that some of the berries were found soft and in bad condition. When the whole shipment was gone over, defendant in error claimed that about 20 barrels were worthless.

Defendant in error paid the freight charges, but no complaint was made until November 12, 1908, when a written claim for $100 was filed with agent of plaintiff in error at Louisville.

Defendant in error introduced testimony showing that the temperature of a car in which cranberries are carried should be kept at fifty degrees, and if it should go above that, the ventilators in the car should be opened; that when the car left Falmouth, the ventilators were open, but that, upon its arrival at Louisville, the ventilators and ice plugs were found closed and nailed down. Prior to the trial, the parties entered into a written stipulation that if certain witnesses for plaintiffs in error named in the stipulation were present at the trial, they would testify as to the movements of the car, condition of ventilators and plugs, and temperature at various points during its transit. Upon the trial, defendant in error objected to all parts of the stipulation wherein the witnesses stated they would testify that on certain dates their records, kept by them in the course of their employment and duties, were true and correct and would show the time the car arrived at the junction points, that the

ventilators were open, ice plugs out, as to temperature, time of leaving, and distance between junction points, and the objection was sustained. Plaintiffs in error offered to show what the witnesses would testify to if produced in open court; objections were made and sustained to this offer.

The jury rendered a verdict in favor of defendant in error for $142.00, but the court required a *remittitur* of $57.50, covering the freight charges which had been included in the verdict, and entered judgment against plaintiffs in error for $84.50.

The court excluded from the evidence that part of the stipulation as to what the witness Charles Boothroyd would testify, which commences, "that he would testify that the records made by him in the course of his employment are true and will show," etc., that part of the stipulation as to what the witness E. J. Norton would testify, commencing, "that he would testify from his records," etc. and from that part of the stipulation as to the witness J. R. Eaton, commencing, "that he would testify from his records that the said," etc., and from that part of the stipulation as to the testimony of H. C. Barnes the following, "that he would testify from his records that the said," etc., and that part of the stipulation relating to the testimony of the witness John Smith commencing, "that he would testify from his records that said," etc. In thus excluding the facts stated in the parts of the stipulation referred to, we think the court erred. A fair construction of the stipulation with reference to the testimony of Boothroyd is, we think, that he would testify that the records made by him in the course of his employment were true, and that referring to those records, he would testify of his own knowledge to the facts set forth in the stipulation. In regard to the portion of the stipulation relating to the testimony of the witness Norton, we think the part excluded, fairly construed, means and was intended to mean that he would testify

to the facts stated, using the records as memoranda to refresh his recollection. The same observation applies to the part of the stipulation relating to the witness Eaton (Diamond Glue Co. v. Wietzychowski, 227 Ill. 338), and also to the witnesses Barnes, Smith, Addleman and Claffey. The objections made to these parts of the stipulation are highly technical, and in construing a stipulation of the parties with reference to testimony designed to shorten the trial and save expense, we think the stipulation should be broadly construed in the furtherance of justice. We cannot approve of attorneys making stipulations as to evidence for the purpose of shortening the trial and saving expenses, and then resort to technical objections of the nature here made and thus obtain an unfair advantage. If it was necessary to protect the interests of the defendant in error by having the records identified in the stipulation and attached thereto or present in court at the trial, this might have been covered by the stipulation without difficulty.

The phraseology of the stipulation may reasonably be criticised, but we think the intention clearly manifested in the stipulation to be that the witnesses would testify in a legal way from records which had been kept by them in the usual course of their duties and employment, and that they were unable to remember the facts independently of the records so made, and that using the records as memoranda they would testify to the facts therein stated.

For this ruling on evidence, the judgment of the court below is reversed and the cause remanded for a new trial.

A motion is made in this case on behalf of the defendant in error for leave to file in the cause a certified copy of the rules of the Municipal Court of Chicago. This motion was reserved to the hearing. It has been held by the main court in Mar. .ck v. Edgar, 170 Ill. App. 167, that the Municipal Court Act requires this

court to take judicial notice of the rules of the Municipal Court. In the case of Northern Coal & Supply Co. v. Mueller Bros. Fuel Co., 171 Ill. App. 342, it was held that while it was doubtful whether the title of the act creating the Municipal Court is broad enough to cover a provision prescribing the practice of the Appellate and Supreme Courts in cases brought to these courts by writ or error or appeal from the Municipal Court, still, in order that there may be uniformity of practice in the different branches of this court, it will be assumed by us that the rules of the Muncipal Court are correctly set forth in the briefs and publications to which our attention has been called. We further held that it would be the better practice that the rules of court as well as ordinances relied upon be set forth in the record, but, for the sake of uniformity and not because we approve of the practice, we would take notice of the rules. As heretofore held by us in writs of error to the Municipal Court, we are called upon to inspect the record, and we cannot look to anything but the record. Filing a certified copy of the rules in this court would not make them a part of the record which we are inspecting. The certified copy would, therefore, serve no useful purpose, and the motion for leave to file it will be denied.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*