## Mary Sixby, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 17,028.

1. MUNICIPAL COURT—*judicial notice of rules.* The Appellate Court takes judicial notice of the rules of the Municipal Court of Chicago.

2. MUNICIPAL COURT—*objections to oral instructions.* Under Municipal Court Rule 8, specific objections to oral instructions are to be made immediately upon the conclusion of the charge and before the jury retires, in order to raise questions as to their correctness in the Appellate Court.

3. APPEALS AND ERRORS—*filing document certified by clerk.* It is not competent for either party, on an appeal, to make part of the record reviewed by that appeal an additional document, certified to by the clerk of the court in which the original judgment was rendered.

4. PRACTICE—*argument of counsel outside of the evidence.* In argument before the jury, counsel should not undertake to argue points outside those introduced in evidence, nor assert what he would believe or disbelieve outside of the evidence, nor unjustly berate or asperse an adversary witness.

5. CARRIERS—*contracts.* A question concerning the character of the contract of carriage of plaintiff while riding on defendant's street car, *held* disposed of by the opinion in Chudnovski v. Eckels, 232 Ill. 312.

6. DAMAGES—*excessive.* Where plaintiff's claim of having suffered a Pott's fracture is clearly against the evidence, a verdict for $2,500 damages is excessive and remittitur of $1,000 will be required.

Appeal from the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed upon remittitur otherwise reversed and remanded. Opinion filed March 13, 1913.

C. LE ROY BROWN and W. D. BARTHOLOMEW, for appellant; LEONARD A. BUSBY, of counsel.

THOMAS E. ROONEY and FERDINAND GOSS, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from a judgment obtained by Mary Sixby, hereinafter called plaintiff, against the Chicago City Railway Company, hereinafter called defendant, for $2,500 as damages for personal injuries received while alighting from a street car owned and operated by defendant.

Defendant's counsel have moved this court to strike from the files a document heretofore filed by leave of court, on April 17, 1911, purporting to be a certified copy of the rules of the Municipal Court of Chicago. It is not competent for either party, on an appeal, to make part of the record reviewed by that appeal an additional document certified to by the clerk of the court in which the original judgment was rendered. For this and other reasons the motion to strike will be allowed.

Proceeding, then, to the points presented as grounds for a reversal, it is urged that the court's oral charge was erroneous. To this plaintiff replies that this point is not open to review by this court as no specific objection was made to the oral charge, as is required by the rules of the Municipal Court. To this the reply is made that the rules are not before this court, especially after the motion to strike, heretofore referred to, has been allowed. To this plaintiff rejoins that the statute (sec. 20 Municipal Court Act) requires the Appellate Court to take judicial notice of the rules; and to this defendant answers that the statute is unconsitutional. The Appellate Court, in two cases at least, has already held that we should take judicial notice of the rules of the Municipal Court. Marwick v. Edgar, 170 Ill. App. 167, opinion by Mr. Justice Brown, and Northern Coal & Supply Co. v. Mueller Bros. Fuel Co., 171 Ill. App. 342, opinion by Mr. Justice Clark, and in the interest of uniformity we shall follow these decisions on this point. There is therefore before us Municipal Court rule No. 8, requiring

objections to oral instructions to be specific, and to be made immediately upon the conclusion of the charge and before the jury retire. This was not done in this case, and hence no question touching the correctness of the instructions can be raised in this court.

We cannot assent to the claim that the verdict, upon the question of liability, was contrary to the law and the evidence. The opinion in Chudnovski v. Eckels, 232 Ill. 312, disposes of the point concerning the character of the contract of carriage. Plaintiff testified that at the time of the accident she was riding on a street car of the defendant, to which she had been transferred, and no attempt was made by the defendant to contradict either this testimony or her story of the manner in which the accident happened.

It is claimed that the amount of the verdict is excessive. At the time of the accident plaintiff was on her way to call upon a friend. After the injury she walked to the sidewalk and then to the house of the friend, in the same block, and walked up stairs. She remained there an hour or a little more. While there she complained of her foot hurting, and it was seen to be slightly swollen. She was wearing low shoes with high heels at the time. Some liniment was applied through the stocking. Upon leaving her friend she walked down the stairs and onto the street without assistance, boarded a car, and after leaving the car walked about a half block to her home. A doctor was called, who diagnosed the injury as Potts fracture. Each of the doctors testifying, one for the plaintiff and the other for the defendant, described a Potts fracture as a condition where the small bone of the leg at or near the ankle joint is fractured, with laceration of the ligaments and displacement of the large bone from its attachment at the ankle joint; that in such a case the foot is everted and turned out, the ankle coming down practically on the surface. It also appears that a deformity is always present in a Potts fracture. No such deformity caused by the eversion

or turning out of the foot is present in this case. One of the doctors testified that a person could not walk on a Potts fracture. Plaintiff testified that she worked in various households doing general housework, at which she earned $1.60 a day, and that as a result of the accident she was prevented from earning money from March until the first of August or first of September. In the interval between the time of the street car accident and the trial of this case plaintiff had had another fall, which confined her to the house for some time. The second fall was caused by her slipping on the ice. From the evidence before us we have reached the conclusion that the injury was not so severe as the jury apparently was led to believe, and that the claim that plaintiff suffered a Potts fracture is clearly against the weight of the evidence, and that the verdict of $2,500 is excessive.

We are also of the opinion that the remarks of counsel for the plaintiff made in argument to the jury touching the evidence of the doctor testifying for the defendant were improper. Counsel should not undertake to argue points to the jury outside those introduced in evidence. As was said in West Chicago St. R. Co. v. Kean, 104 Ill. App. 147: "In argument a lawyer ought not to assert what he would believe or disbelieve outside of the evidence; nor will he unjustly berate or asperse an adversary witness."

Holding as we do, that the verdict is excessive, we shall order that if plaintiff within ten days after the filing of this opinion shall file a remittitur of $1,000 the judgment will be affirmed; otherwise the judgment will be reversed and the cause remanded.

*Affirmed upon remittitur; otherwise reversed and remanded.*