THE CITY OF CHICAGO

*v.*

WILLIAM J. ENGLISH.

*Opinion filed June 17, 1899—Rehearing denied October 5, 1899.*

1. PLEADING—*verified plea of non est factum in covenant puts in issue the due execution of the instrument.* Where a city can only execute a lease in a particular form, its verified plea of *non est factum* in an action of covenant on a lease puts in issue whether the lease was executed in such legal form, but the want of power to make the lease, or any defense which would render it void or voidable, must be specially pleaded.

2. EVIDENCE—*when lease is properly admitted as against verified plea of non est factum.* A lease by a city for a water office is properly admitted in an action of covenant thereon, as against a verified plea of *non est factum*, where the lease is executed in proper form by the proper officers and is under the corporate seal, and the evidence shows that the city took possession of the property and occupied it as a water office and paid the rent therefor for several years.

3. SAME—*when stipulation of counsel must be regarded as evidence of its recitals.* A stipulation by the attorney for the city, in an action of covenant on a lease for a water office, that there was an appropriation for the rent sufficient to cover the entire period up to the time of suit, must be regarded as evidence of such appropriation, as against the city's objection, on appeal, that no proof of an appropriation was made.

4. SAME—*certificate of comptroller as to city's indebtedness is not evidence.* The certificate of the comptroller as to the amount of the city's indebtedness, being merely a statement of his conclusions as to such indebtedness from an inspection of the records in his office, is not admissible to establish the city's defense to an action on a lease that it was indebted beyond the constitutional limit when the lease was executed.

5. COVENANT—*when rebate for water rent is recoverable in covenant.* Where a city, in leasing a building for a water office, agrees to rebate the water rent for the building as part of the rent, the amount of rebate to which the lessor is entitled under the lease, and which the city has refused to allow, is recoverable, with the unpaid rent, in an action of covenant.

6. JUDGMENTS AND DECREES—*execution should not be awarded against city.* Judgment may be entered against a city in an action of covenant, but execution should not be awarded.

*City of Chicago* v. *English,* 80 Ill. App. 163, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon: JONAS HUTCHINSON, Judge, presiding.

CHARLES S. THORNTON, Corporation Counsel, and THOMAS J. SUTHERLAND, for appellant.

WILLIAM S. HEFFERAN, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

William J. English, appellee, brought this suit in covenant on a lease executed by him and the city of Chicago, appellant, of certain premises to be used as a water office of the city in the town of Lake for one year from July 15, 1892, at a rental of $1000 a year, payable monthly, which the city covenanted to pay, and with a provision for extension from year to year on the same terms. The breaches assigned by plaintiff were the failure to pay rent stipulated in the lease, and the refusal to pay or rebate the water rates against the building in which the demised premises were situated, according to a further covenant of the lease. The defendant filed a verified plea of *non est factum,* a second plea that it had not made any appropriation for the payment of the sums covenanted to be paid in the lease, or either of them, and a third plea that it was indebted, at the time of making the covenants, in the aggregate exceeding five per cent on the value of

the taxable property within its limits.  The case was put on the short-cause calendar and tried without a jury, and there was a judgment for plaintiff for $2432 and costs. On appeal to the Appellate Court plaintiff remitted $2.95 which had been included as interest, and the Appellate Court affirmed the judgment for the balance.

It is assigned as error that the trial court admitted in evidence the lease without such proof as was required under the verified plea of *non est factum.*  The lease bore the signatures and seals of the plaintiff, the mayor of the city and the comptroller.  Its execution was witnessed by the city clerk and the corporate seal of the city was attached.  Following the signatures was an approval signed by the superintendent of water and the commissioner of public works, and as to its form it was approved by the assistant corporation counsel.  It was proved that the lease was signed by all said parties; that the plaintiff delivered possession of said premises to the city of Chicago; that its officers moved in and took possession under the lease and occupied the same for a water office for the collection of water rents under the water system of the city, and that it was known as the water office in the town of Lake and was so described in the annual appropriation bills passed by the city council of defendant. The rent was paid from July 15, 1892, to May 1, 1895, and the claims for rent up to that time were duly audited and vouchers issued.  The lease was extended from year to year, according to its terms, and defendant continued in possession.  The attorney for defendant stipulated and agreed upon the trial that in the annual appropriation bills "there was an appropriation for rent of the town of Lake water office, and that the amount thereof was sufficient to cover respective amounts due each year under the lease during the whole of the period of the lease up to the present time."

The plea of *non est factum,* sworn to, operated only as a denial of the signing and delivery of the lease by the

defendant and put the plaintiff under the necessity of proving the same. Where an instrument is executed by an agent the plea puts in issue the authority of the agent to do the act, and if a municipal corporation can only execute an instrument in a certain form, it puts in issue whether it was executed in such legal form; but if the proof shows the execution of the instrument by the parties, the power to make it cannot be questioned under the plea, and any other defense which would make it void or voidable must be specially pleaded. (1 Chitty's Pl. 486, 487, 518; 5 Ency. of Pl. & Pr. 378; Shinn's Pl. & Pr. sec. 694; *Holcomb* v. *Board of Comrs. of Illinois and Michigan Canal*, 2 Scam. 228.) The lease was executed in proper and legal form and by the proper officers, under the corporate seal. It is said that there was no evidence that Hempstead Washburne, who signed the lease, was mayor. But this is contradicted by the record. Whether it was necessary or not, under the circumstances of this case, to prove the authority of the officials to execute the lease, it was sufficiently proved by the ordinance making the annual appropriation for the rent, and there is no question that the city had power to rent premises for a water office. There was no error in admitting the lease in evidence.

It is contended, as a matter of defense, that there was no proof of an appropriation to meet the expenses in question, as required by law. The stipulation of defendant's attorney on that question has been given above, and we must regard that as sufficient evidence of the fact.

As further matter of defense to sustain the plea of an indebtedness exceeding five per cent of the valuation of the taxable property, defendant offered a certificate of the comptroller as to such indebtedness and the amount thereof, and an objection to it was sustained. It was not a certified copy of any record, papers or entries, but a mere statement of facts by the comptroller, or a statement of his conclusions from the records in his office as

to the amounts of the indebtedness. It was not evidence under the statute or by any rule of law, and the court was right in excluding it.

Included in the judgment was $95.72 for water rates paid by plaintiff which the defendant covenanted to pay or rebate as a consideration for the leasing. It is said that this could only be recovered in assumpsit. We do not see upon what basis such a claim can rest. The city agreed to pay or rebate the water rates for the whole building as a part of the rent, and then broke its covenant by refusing to do it and shutting off the water. The damages to plaintiff were the water rates paid by him as the result of such violation of the covenant, and he had as much right to recover such sum as the rest of the rent.

It is objected that the trial court erred in not compelling the plaintiff to state, on cross-examination, what sums of money had been paid to him by the city. He testified to what he had received and up to what time he was paid, but he was not able to state, at the time, the dates and particular amounts, but offered to compute them if given time. It is plain there was no controversy about the amount paid, and the court did right in refusing to take time for useless computation while the witness was on the stand.

The judgment of the Appellate Court in affirming the judgment of the superior court was correct, but in entering judgment execution was awarded against the city, and it will be modified in that respect by striking out that order. There is no merit in any point made touching the rights of the parties, and appellant will pay the costs. The judgment of the Appellate Court as modified is affirmed.          *Judgment modified and affirmed.*