Noah Lock et al. (Julius F. Solomon) Defendant in Error, v. Lydia L. Leslie et al. (Cora Esta Boyd et al.) Plaintiffs in Error.

Gen. No. 7,762.

Opinion filed March 23, 1928. Rehearing denied May 1, 1928.

GLEIM & COLWELL and BUTTERS & BUTTERS, for plaintiffs in error.

OSCAR W. HOBERG, for defendant in error.

MR. JUSTICE JONES delivered the opinion of the court.
Defendant in error, Julius F. Solomon, obtained a judgment by confession against plaintiffs in error,

Cora Esta Boyd and Lewis W. Boyd, in the circuit court of LaSalle county for $7,675.49. A partition suit to which the Boyds were parties was later instituted in the circuit court of that county. The decree in that proceeding held the judgment by confession to be valid and ordered it be paid out of the distributive share of Cora Esta Boyd on the sale of the premises.

The note and power of attorney on which the judgment by confession was entered were executed in the State of Ohio and the note was payable there. The Boyds lived in Ohio when the note and power of attorney were executed and when the judgment by confession was entered. They filed an answer in the partition suit alleging that the judgment was void and of no effect as a lien on the interest of Cora Esta Boyd in the subject matter of that proceeding. The answer of J. W. Antram, one of the plaintiffs in error, alleged the coverture of Cora Esta Boyd at the time of the execution of the note and power of attorney; that he had purchased the interest of Mrs. Boyd in the real estate embraced in the partition proceeding, and that on account of such coverture the judgment by confession was void as against him.

It was stipulated in the partition proceeding that at the time of the entry of the judgment by confession and at the time of the making of the note upon which the judgment was entered, and for several months prior thereto, the said Lewis W. Boyd and Cora Esta Boyd were husband and wife and were living in the State of Ohio, and that on March 8, 1920, the date of said note, and ever since then, section 7999 of chapter 1 of title VI of the General Code of the State of Ohio was in force as follows:

"A husband or wife may enter into any engagement or transaction with the other, or with any other person, which either might if unmarried; subject, in transactions between themselves, to the general rules which

control actions of persons occupying confidential relations with each other.''

It was further stipulated that Solomon objects to the competency of the testimony as set forth in the stipulation and that plaintiffs in error object to the competency of such testimony in relation to the law of Ohio, but on no other grounds.

There is no dispute as to the facts in this case and the questions involved are purely legal ones. Plaintiffs in error contend that a judgment entered in this State by confession, upon a promissory note containing a warrant of attorney executed by a married woman in a sister State, is void, unless there be both allegations and proof that the common law was not in force in such State and that a married woman in such State is by statute authorized to execute a warrant of attorney; that the warrant of attorney in this case fails to authorize a waiver of service of process; that there was no service of process; that such judgment is therefore void; that there are no pleadings in this case on behalf of defendant in error, Solomon, justifying the admission of proof of the statute of the State of Ohio; that neither allegations nor proof in a collateral proceeding after the entry of a judgment can supply the omission of such matters in the original proceeding; and that to authorize a court to act upon the entry of a judgment by confession upon a note executed in a sister State, it is necessary for the declaration to aver that the statute of such sister State authorized a married woman to execute a note and power of attorney, to waive service of process and to confess judgment.

In support of these contentions it is insisted that at common law, a judgment by confession could only be entered after service of process. 15 R. C. L. Judgments, 648, is cited but the text referred to relates only to judgments by *cognovit actionem* and confession *relicta verificatione,* both of which were entered after

service of process. In the former, the judgment was entered without a plea and upon confession or *cognovit actionem* signed after service of process. The latter was entered upon confession after a plea was withdrawn or abandoned. The rules concerning such judgments do not apply to the case at bar.

The claim is also made that judgments by confession are in contravention of the common law. There appears to be some misapprehension as to the practice at common law. Besides the judgment by default, two methods of obtaining judgment without trial existed at common law; one by confession of judgment under a warrant of attorney, and the other, upon a *cognovit actionem* signed by the defendants in the action. The warrant of attorney was given before any action was instituted and was a prospective security, as in the case at bar. The *cognovit actionem* was not an authority given before the action was commenced, but was a confession signed by the defendants after process was issued. (*French v. Willer,* 126 Ill. 611.)

The practice of entering judgments in debt on warrants of attorney is very old; so old that the date of its origin is unknown. (15 R. C. L. Judgments, 648.) The power to confess judgment by a warrant of attorney comes from the common law and is governed thereby, except in so far as the old rules of the common law have been modified by statute and the decisions of the courts of last resort. (34 C. J. Judgments, § 278.) The contention of plaintiffs in error that judgments by confession on warrant of attorney were unknown to the common law cannot therefore be upheld.

It is further contended that the judgment is void because the warrant of attorney did not specifically authorize an attorney to waive service of process and that such waiver could not be made without such authority. The warrant authorizes any attorney of any court of record in the State of Ohio, or elsewhere, at any time after the note is due, to appear for plaintiffs

in error or either of them in any court in the State of Ohio, or elsewhere, and confess judgment against them or either of them, and to release all errors in the entry and rendition of the judgment and all rights and benefits of appeal and writs of error. The warrant under consideration authorized any attorney of any court of record of the State of Ohio or elsewhere to appear for them or either of them. Under the holding in *Forsyth v. Barnes*, 228 Ill. 326, the appearance which was entered conferred jurisdiction.

The fact that plaintiffs in error were not served with process is unimportant if they appeared by attorney. (*Dunning v. Dunning*, 37 Ill. 306.) In case of a confession without action it is not necessary that any process should be issued or served on defendant, or any appearance entered by or for him other than the appearance for the purpose of confessing the judgment. (34 C. J. Judgments, § 277.)

The *cognovit* herein may not in specific terms waive the issuance or service of process but the strictest interpretation of its language can give it no other force than the power to waive service and confess judgment. It is an appearance and confession. It is sufficient that there was an appearance and confession of judgment.

It is further insisted that the section of the Ohio statute quoted in the stipulation does not authorize a married woman to waive service of process and confess judgment. Where by statute a married woman is allowed to make binding contracts, an action upon a joint contract of the husband and wife may be brought against them jointly, as where they execute a joint note. (30 C. J. Husband and Wife, § 715.) Her capacity to confess judgment depends upon and is co-existent with her capacity to contract. (*Forsyth v. Barnes, supra;* 30 Am. & Eng. Encyc. of Law [2nd Ed.] 107, and cases there cited.)

At common law, a married woman had no power to contract. She could not confess judgment or execute a warrant of attorney. By the great weight of authority, a confession of judgment on a warrant of attorney, executed by her during coverture, was not merely voidable, but void, and could be attacked either directly or collaterally upon it being made to appear that coverture existed.

In the proceeding by which the judgment by confession in this cause was entered, there was no averment in the nar. or proof in the record that a married woman had authority in the State of Ohio to execute a promissory note or warrant of attorney to confess judgment or to waive service of process. It is insisted this omission is fatal to the validity of the judgment. In actions at law, it is not in accordance with the rules of pleading for the plaintiff to anticipate and attempt to answer and avoid a possible defense that might be interposed by a plea. He is only required to state his cause of complaint and anything beyond that is surplusage. (*Lesher v. United States Fidelity & Guaranty Co.,* 239 Ill. 502.) We think it was not incumbent upon the plaintiff to aver or prove the coverture of the defendants and inasmuch as there was nothing in the record or the pleadings to show it, the court could not assume it. (*Thomas v. Lowy,* 60 Ill. 512.)

The recitals of the stipulation as to the existence of the Ohio statute and the fact of coverture are objected to as being incompetent, because there are no pleadings which would justify the admission of their proof. The stipulation in this case is effective both as a pleading and as proof. A stipulation duly signed and filed becomes a part of the record of the case and has the effect of a pleading. (36 Cyc. Stipulations, 1283.) A stipulation by a party, as to facts in a case, must be regarded as evidence, as against an objection that no proof was made. (*City of Chicago v. English,* 180 Ill. 476.) It is conclusive upon him as long as it stands,

and cannot be contradicted by evidence tending to show the facts otherwise. (*City of Chicago v. Drexel,* 141 Ill. 89.) It cannot be well contended that the stipulation can be used to establish the coverture of Cora Esta Boyd, and not be equally effective as proof of the existence of the Ohio statute.

*Forsyth v. Barnes, supra,* is not in conflict with our holding. In that case the record was absolutely barren of any pleading, proof or stipulation as to the right of a married woman to contract in the State of Ohio. There was proof of coverture of the defendant. The court held that in such a state of the record, the presumption obtained that the common law was in force in Ohio, and that the judgment by confession was void. But in the case at bar, there is a stipulation which serves as both pleading and proof, not only that Cora Esta Boyd was a married woman living in the State of Ohio when the note was executed and when the judgment by confession was entered, but that she was competent to contract by the laws of that State. We do not interpret the *Barnes* case to hold that the original record in a judgment by confession must show the competency of a defendant. It rather holds that if the record in a collateral proceeding made such a showing, it would be sufficient. In *Burr v. Beckler,* 264 Ill. 230, cited by plaintiffs in error, there was both pleading and proof that the defendant, a *feme covert,* was incapable of contracting under the laws of a sister State, where she executed a note and trust deed. That case is not applicable to the facts in this record.

In our opinion the judgment by confession in favor of defendant in error, Solomon, was a valid judgment. Plaintiff in error, Antram, is a purchaser, *pendente lite,* of the interest of Cora Esta Boyd in the premises embraced in the partition suit, but his interest, if any, is subject to the decree ordering that the judgment of defendant in error be paid out of the proceeds of her portion of the premises. Whatever the Boyds had to

convey, it passed by the quitclaim deed to Antram and they no longer have any interest in the controversy or the subject matter thereof.

The decree of the circuit court was right and is accordingly affirmed.

*Decree affirmed.*