## CHICAGO & N. W. RY. CO. v. FROEH-LING SUPPLY CO.

### No. 9841.

United States Court of Appeals
Seventh Circuit.

Jan. 19, 1950.

Paul J. Maguire, Chicago, Ill., Haskins, Maguire & Haskins, Chicago, Ill., of counsel, for appellant.

Drennan J. Slater, Edward Warden, Edgar Vanneman, Jr., Chicago, Ill., Lowell Hastings, Chicago, Ill., of counsel, for appellee.

Before KERNER, FINNEGAN, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff sued defendant to recover certain demurrage charges alleged to have accrued in connection with the detention by defendant of 173 carloads of merchandise delivered to defendant at Chicago, Illinois. The case was tried by the court without a jury. At the conclusion of plaintiff's evidence, and without any evidence being offered by defendant, the court made special findings of fact and rendered a judgment for plaintiff.

The complaint alleged that plaintiff was engaged in the business of transporting goods in interstate commerce, and that it had transported for and delivered to defendant 173 carload shipments of merchandise. The complaint listed the cars involved, their respective date of arrival, car initial and number, date of delivery, the federal tax and the amount due on each car, and concluded that defendant

had the use and benefit of the cars, and that in accordance with plaintiff's applicable tariff schedules then in force, there accrued to plaintiff demurrage charges—including federal transportation tax—in the amount of $20,143.75. In its amended answer defendant averred that the demurrage charges were fixed pursuant to Service Order No. 369 issued by the Interstate Commerce Commission which established a higher scale of demurrage charges, and alleged that the said service order was illegal because it had been issued by the Commission without notice or hearing.

Prior to trial the parties entered into a stipulation in and by which it was agreed that plaintiff's complaint correctly identified the cars which had been delivered to defendant, their arrival date constructive placement date, actual placement date, release date, total days held, free days, days for which demurrage had been charged, the demurrage charges already paid including taxes, and the "amounts which would be due and owing to the plaintiff if computed and payable in accordance with lawful tariffs in force and effect at the times named in said exhibit [complaint] and which plaintiff claims to be applicable on said cars."

In addition to the stipulation, it appears that at the trial plaintiff introduced in evidence a copy of a uniform bill of lading and a certified copy of the tariff (Exhibit 1) supporting the demurrage charges, and then rested its case. Thereupon defendant moved for a dismissal on the ground that upon the facts and the law involved the plaintiff had shown no right to relief. The court, after denying the motion, made findings of fact upon which it rendered the judgment which defendant now seeks to reverse.

Defendant's motion was authorized by Rule 41(b) Federal Rules of Civil Procedure, 28 U.S.C.A., and we think it is now settled that a judgment entered under the circumstances appearing here operates as an adjudication upon the merits. Gary Theatre Co. v. Columbia Pictures Corp., 7 Cir., 120 F.2d 891, 892. The court, after finding that between October 9, 1946 and February 19, 1947 plaintiff transported for

and delivered to defendant at Chicago, Illinois, carload shipments of merchandise from various points in the United States, during which period plaintiff had various tariff schedules in effect including the tariff received in evidence as plaintiff's Exhibit 1 which had been duly published and filed with the Interstate Commerce Commission, found as a fact that there was correctly shown on Exhibit A attached to plaintiff's complaint a description of the freight cars moved and consigned to defendant's account, and delivered by plaintiff to defendant during the period involved, as well as the date each of the cars was constructively placed, actually placed, and released, the total days held, free days, days charged for, and the taxes paid, including the amounts due and owing plaintiff, computed in accordance with the lawful tariffs claimed applicable by plaintiff and in force and effect at the times mentioned in Exhibit A.

On this appeal defendant makes no claim that Exhibit 1 is not a lawfully filed tariff. It only makes the point that the findings are not supported by the evidence. It says that Exhibit 1 reveals that no less than four items appear in the schedule which enumerates the demurrage charges to be applied after the expiration of the free time period, and that the application of these items depends entirely upon the type of car used. It admits that if the cars used were box cars, Service Order No. 369 would apply, and argues that the tariff involved should have been presented and identified and then the manner in which it applied to the cars should have been demonstrated. It insists that plaintiff failed to prove that the cars used were box cars, and that hence the findings are not supported by the evidence.

■ To be sure, whether or not any condition which governs the application of a carrier's tariff schedule has been observed is a question of fact which the carrier must prove before the tariff can be applied. In considering the evidence on that question, under the circumstances here appearing, the trial judge must take an unbiased view of all the evidence and accord it such weight as he believes it is entitled to receive, Allred v. Sasser, 7 Cir., 170 F.2d

233, 235, and whether special findings are supported by the evidence or whether they give the requisite support to conclusions thereon are questions open to consideration here, Campana Corporation v. Harrison, 7 Cir., 114 F.2d 400, 406, but the findings of the trial court cannot be reversed unless they are clearly erroneous, United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746.

■ A stipulation by a party as to the facts in a case must be regarded as evidence of the facts as to which the stipulation was made. City of Chicago v. English, 180 Ill. 476, 54 N.E. 609, and Lock v. Leslie, 248 Ill. App. 438, 444. Here, defendant by its amended answer admitted that the demurrage charges which plaintiff claimed to be due and owing were established pursuant to Service Order. No. 369, and, as we have observed, the parties agreed by their stipulation that certain amounts were due plaintiff if computed in accordance with lawful tariffs in force and effect at the times named in Exhibit A, and which plaintiff claimed to be applicable on the cars. This was a stipulation of an ultimate fact and must be treated "as if established by the clearest proof." Oscanyan v. Arms Co., 103 U.S. 261, 263, 26 L.Ed. 539. We think, in the state of this record, the only question was whether the tariff claimed to be applicable was lawful and in effect. Plaintiff, by the introduction of the certified copy of the tariff, proved that the tariff was lawful and that it was in effect during the period when plaintiff transported for and delivered to defendant the 173 carload shipments of merchandise. In its brief defendant states it "does not dispute that Exhibit No. 1 is a lawfully filed tariff," and since it is clear that defendant agreed that the demurrage charges were correct if the tariff was lawful, we are unable to see any merit in defendant's contention that plaintiff had failed to prove that the cars used were box cars.

Defendant cites Empire Box Corporation of Stroudburg v. Delaware, L. & W. R. Co., 2 Cir., 171 F.2d 389. It calls attention to the fact that as a condition precedent to the collection of demurrage charges, the tariff schedule involved provides for notice

in writing to be given defendant, the consignee, and makes the point that plaintiff did not prove that a written notice had been given defendant that the cars had actually arrived at their destination.

 We think the Empire case, supra, is distinguishable on the facts and hence is not applicable. A quick answer to defendant's present contention is to remind counsel that in construing a stipulation with reference to testimony designed to shorten the trial, the stipulation should be construed in the furtherance of justice, Joseph Denunzio Fruit Co. v. Pennsylvania R. Co., 172 Ill.App. 277, 280, and since the parties agreed by their stipulation that plaintiff's complaint correctly stated the arrival date, the constructive placement date, and the actual placement date of the 173 cars, we think these statements in the stipulation are an admission that written notice was given. To hold otherwise at this late date would not be construing the stipulation in the furtherance of justice.

The judgment of the District Court will be affirmed. It is so ordered.