**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carl O. LUDWIG, Defendant-Appellant.**

**No. 74–1046.**

United States Court of Appeals,
Tenth Circuit.

Argued Sept. 9, 1974.

Decided Dec. 27, 1974.

William W. Deaton, Jr., Albuquerque, N. M. (Jack L. Love, Federal Public Defender, Albuquerque, N. M., on the brief), for defendant-appellant.

Mark C. Meiering, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, and HOLLOWAY and DOYLE, Circuit Judges.

LEWIS, Chief Judge.

Defendant was convicted of a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute marihuana, and was sentenced to three years' imprisonment and an additional parole term of two years. He contends that the judgment was prejudicially tainted by an illegal search, by a variance between the controlling statute and the proof as to the involved marihuana, by misconduct of the district attorney, and by an unlawful sentence.

Defendant was first arrested for a traffic violation near Santa Rosa, New Mexico. While reading the rear license plate of defendant's vehicle, the arresting officer noted the smell of marihuana, requested the defendant to open the car trunk but was told by defendant that he had no key. The officer directed defendant to follow him back to Santa Rosa. En route back to Santa Rosa defendant was seen searching in the back seat of the suspect car. The officer again stopped him and found a syringe and a cotton wad in the driver's seat. At Santa Rosa the officer presented, by affida-

vit, an account of the stated occurrences to a proper magistrate, a search warrant issued, and the resultant search revealed 430 pounds of marihuana in the trunk of defendant's car.

■ The sufficiency of the officer's affidavit to premise the issuance of the warrant is attacked in two regards: (a) the failure of affiant to establish his ability to recognize the odor of marihuana; and (b) the conclusory statement that a syringe is the usual "paraphernalia" to take heroin. This latter allegation in the affidavit is pure surplusage and inherent in the officer's statement that he smelled marihuana is the claim that he is familiar with that substance's odor.[1] We conclude the search was lawful.

■ Defendant next contends that the government failed to show prima facie that the substance found in appellant's car was a "controlled substance" proscribed by 21 U.S.C. § 841(a)(1). There are, he asserts, three distinct species of marihuana. Although section 812(c), 21 U.S.C., includes "marihuana" generally as a controlled substance, that term is then defined as "all parts of the plant Cannabis sativa L., whether growing or not . . .." 21 U.S.C. § 802(15). By necessary implication, the defendant concludes, Cannabis indica and Cannabus ruderalis are excluded, and thus the testimony of the government's expert chemist, that his tests could not distinguish the three species, is fatal to the government's case. Again, we disagree.

The keystone of this argument is, of course, that there are three distinct species of plants known collectively as marihuana; that Congress intended to criminalize only one species of marihuana; and that a contrary interpretation of the pertinent sections would leave the average citizen without sufficient notice of the activity sought to be prohibited. This same argument has been made in numerous cases and has been uniformly rejected. Thus, in United States v. King, 10 Cir., 485 F.2d 353, we referred approvingly to United States v. Moore, 3 Cir., 446 F.2d 448, cert. denied 406 U.S. 909, 92 S.Ct. 1617, 31 L.Ed.2d 820, where it was noted that

[m]arihuana, a term of Mexican origin, is the dried leaves and flowering tops of a plant species commonly known as hemp. Botanically, the hemp plant is called Cannabis sativa L. There is only one species of this plant. Leary v. United States, 395 U.S. 6, 50 [89 S.Ct. 1532, 23 L.Ed.2d 57]. However, because of the difference in soil content and climatic conditions, the plant grown in various parts of the world is not physically the same. . . . Cannabis indica is the name goven to Cannabis sativa L. grown in India.

446 F.2d at 450. *Accord*, United States v. Gaines, 5 Cir., 489 F.2d 690; and United States v. Rothberg, 2 Cir., 480 F.2d 534, cert. denied 414 U.S. 856, 94 S.Ct. 159, 38 L.Ed.2d 106, wherein the court countenanced the possibility that Cannabis is botanically polytypal but rejected defendant's argument nonetheless. In the instant case, the government's expert chemist testified that the "different types" of marihuana are the same, and the defendant's expert testified that the "different types" of marihuana are distinct from each other. Having considered that testimony, the trial court instructed the jury that the statutory definition of marihuana included Cannabis indica as well as Cannabis sativa L. We perceive no reason for concluding as defendant would have us do, that the instruction erroneously stated the law, and we accordingly reject the defendant's argument that the government failed to show that the material found in defendant's automobile was either "marihuana" within 21 U.S.C. § 812(c) or a "controlled substance" within 21 U.S.C. § 841(a)(1).

In concluding his closing argument, without objection, the district attorney told the jury:

Mr. Martinez complains about the police. I'll conclude on this one note,

---

1. At the motion to suppress the officer's familiarity with the odor of marihuana was firmly established. Had the contrary been established we would have a different case questioning veracity.

ladies and gentlemen. I have seen police activity in New York; I've seen it in the Midwest and I've lived here the majority of my life and if there is one thing you can be proud of, ladies and gentlemen, it's the New Mexico State Police. I know that Mr. Martinez disagrees with me violently on that, but I know that there is one thing you can be proud of. It's the New Mexico State Police. It's the finest state police that I have personally seen. Those people do their job unswayed by any person who would like to sway them. That can't be said, I know personally, that can't be said of New York's police. I know personally that can't be said of a lot of the police forces in the Midwest. But I know personally that those police officers in the New Mexico State Police are people that you can be proud of and they do their job, no matter what the consequences to them, no matter the fact that they have to sit around for five days to be asked a question, like Mr. Lujan was asked at the end of this trial.

Thank you.

 We agree with the public defender that the statement constitutes clear and prejudicial error. The government concedes error in this emphatic and personalized vouching for the integrity of the state police but urges us to hold the error to be harmless in view of numerous complaints directed against defense counsel's own conduct. We can give no comfort to the proposition that unprofessional conduct upon the part of defense counsel[2] opens the door to similar conduct by government counsel. The government's remedy, of course, lies with proper objection made to the trial court during the course of the trial. Furthermore, this case does not present an isolated incident on the subject of improper personal injection of government counsel in the course of argument. In United States v. Martinez, 10 Cir., 487 F.2d 973, we stated:

> However, we caution prosecuting attorneys that in their closing argument they should not, in an effort to bolster the credibility of a Government witness, place their own integrity, directly or indirectly, on the scales. Such is improper, and in the proper case may well result in a reversal which could have been easily avoided. [487 F.2d at 977.]

Although the case at bar was tried about two weeks before *Martinez* was submitted to this court, *Martinez* was earlier briefed and the government was well aware that a similar claim of error was pending.

Finally, defendant requests us to reconsider our decision in Garcia v. United States, 10 Cir., 492 F.2d 395, in which we held that a sentence imposed under 21 U.S.C. § 841(a)(1) may be lawfully amended by adding a parole term after the original sentence is being served. We would not be inclined so to do even if the issue had not been mooted by our disposition in the case at bar.

The judgment is reversed and the case remanded with directions to grant a new trial.

---

2. Defendant was represented below by private counsel and not by the public defender.