UNITED STATES of America, Plaintiff,

v.

**Elroy CARR a/k/a Elroy Lightning, Defendant.**

No. 99–40086–01RDR.

United States District Court, D. Kansas.

March 8, 2000.

Marilyn M. Trubey, David J. Phillips, Office of Federal Public Defender, Topeka, KS, for Elroy Carr, defendant.

Gregory G. Hough, Office of U.S. Atty., Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

On February 25, 2000, the court held a hearing on the pretrial motions filed by the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court during the hearing.

The defendant is charged in a three-count indictment. Count one alleges that on or about January 7, 1999, the defendant possessed with the intent to distribute 50 grams or more of crack cocaine. This count arises from the discovery of crack cocaine on the roadside of Interstate 70 after the defendant was seen searching the roadside area for something. Counts two and three allege possession with intent to distribute crack cocaine (Count two) and marijuana (Count three) on or about April 17, 1999. These counts arise from the search of an apartment in Junction City on that date.

The defendant filed six pretrial motions, including two motions to suppress.

## MOTION FOR DISCOVERY

The defendant seeks the following discovery: (1) minutes and notes of Wabaunsee County Commission meetings in which problems with Wabaunsee County Jail, Wabaunsee County Sheriff's Department and handling of evidence by Wabaunsee County Sheriff's Department were discussed; (2) master evidence custody logs maintained by Wabaunsee County Sheriff's Department from January 1997 to present; (3) evidence custody records related to evidence in the instant case; (4) names and addresses of all inmates housed in Wabaunsee County Jail from 1997 to present; (5) reports generated by Kansas Bureau of Investigation (KBI) and Kansas Attorney General's Office related to investigation of Wabaunsee County Sheriff's Department, Wabaunsee County Jail and handling of evidence by Wabaunsee County Sheriff's Department; (6) all documentation related to termination of employment of Rachel Weddle and any Wabaunsee County Sheriff's Department deputy based on complaints of mishandling of evidence, and complaints of use of marijuana in the Wabaunsee County Jail; (7) all reports, including but not limited to, internal memoranda regarding evidence of tampering or attempts to tamper with evidence written by personnel of the Wabaunsee County Sheriff's Department; (8) reports related to inspections of Wabaunsee County Jail from 1997 to present; and (9) documentation related to illegal transfer of firearms by Sheriff Old to Jeff Sutton. In support of this motion, the defendant notes that the evidence that allegedly supports the charge in Count one was maintained in the custody of the Wabaunsee County Sheriff prior to being sent to the KBI and subsequent to the return of the substance in late January 1999. The defendant further points to an article that appeared in the *Topeka Capital–Journal* on December 7, 1999 indicating that there was "an ongoing drug problem within the Wabaunsee County Jail." The defendant contends that the aforementioned materials are discoverable under Fed.R.Crim.P. 16(a)(1)(C) and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The government responded that the information contained in the newspaper article should not be considered by the court because it is not admissible evidence. The government further notes that even the newspaper article indicates that the alleged misconduct in the Wabaunsee County Jail and Wabaunsee County Sheriff's Department occurred between December 1997 and April 1998. Given this time frame, the government contends that these problems have no application here since the evidence in this case was seized in January 1999.

Given the information presented, we are in agreement with the government. The court is not satisfied that the defendant has demonstrated his entitlement to this information under either Rule 16 or *Brady.* Accordingly, this motion was denied.

## MOTION FOR DISCLOSURE OF 404(B) EVIDENCE

The defendant seeks an order directing the government to disclose any prior convictions or other crimes, wrongs, acts that it intends to introduce pursuant to Fed. R.Evid. 404(b). The government has indicated what evidence it intends to introduce under Rule 404(b). With the government's response, this motion was denied as moot.

## MOTION TO STRIKE ALIAS

The defendant seeks to strike the alias "Elroy Lightning" which is used in the caption and the body of the indictment. The defendant contends that this alias would improperly identify him because he has never been known by the name "Elroy Lightning." The government has responded that it has evidence that the defendant was identified by others as "Elroy Lightning."

The court will take this motion under advisement and rule on it at trial. We direct the parties to avoid any reference to the defendant's alias until the government presents evidence on it. If the government demonstrates that the defendant used this alias, then the court will include it in the jury's instructions. If the government does not produce any evidence on this issue, then we will not include it in the instructions.

## MOTION TO SEVER COUNTS

■ The defendant seeks to sever Count one from Counts two and three. The defendant asserts that Count one differs substantially from Counts two and three. He notes that the alleged offenses occurred in different locations, five months apart and under completely different circumstances.

The government responds that the charges in this case show that the defendant committed drug trafficking offenses on two separate dates. The government further contends that the evidence will show that drug trafficking was the defendant's primary, if not sole, means of supporting himself. Finally, the government argues that the evidence will show that the acts are of the same or similar character.

■ Joinder of offenses is permitted if the offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed.R.Crim.P. 8(a). Rule 8(a) is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system. *United ed States v. Johnson,* 130 F.3d 1420, 1427 (10th Cir.1997), *cert. denied,* 525 U.S. 829, 119 S.Ct. 78, 142 L.Ed.2d 61 (1998). A court may order severance of counts if the defendant is prejudiced by the joinder. Fed.R.Crim.P. 14. A defendant bears a heavy burden of showing that, without severance, he will suffer clear and actual prejudice. *United States v. Cardall,* 885 F.2d 656, 667 (10th Cir.1989). Prejudice results only when the evidence is such that a jury cannot compartmentalize it. *United States v. Hines,* 696 F.2d 722, 732 (10th Cir.1982). A district court is not required to sever counts simply because the cumulative effect of evidence of similar misconduct might prejudice the defendant. *United ed States v. Hollis,* 971 F.2d 1441, 1457 (10th Cir.1992), *cert. denied,* 507 U.S. 985, 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993).

The court does not find that the defendant has demonstrated that he will suffer clear and actual prejudice if we fail to sever. The court believes that, given the lack of complexity of the charges in this case, the jury will be able to compartmentalize the evidence concerning these offenses. Accordingly, this motion was also denied.

## MOTION TO SUPPRESS BASED ON LACK OF PROBABLE CAUSE TO SUPPORT SEARCH WARRANT

The defendant seeks to suppress all items seized during a search of 1015 Valley View, Apartment No. 10 in Junction City, Kansas on April 17, 1999. The defendant contends that the search warrant that authorized the search was not supported by probable cause. The defendant contends that the affidavit is lacking because (1) although the affiant indicates that he

smelled marijuana at the door of the defendant's apartment, there is no indication that he had the ability to recognize the smell of marijuana; and (2) there is insufficient evidence to support an informant's claim that he smelled the odor of marijuana around the defendant's apartment. The defendant further argues that the affidavit lacks probable cause to show that contraband or evidence of a crime would be found at the time of the search. The defendant notes that the affidavit does not indicate whether the affiant smelled raw or burning marijuana.

The government responds that under the totality of circumstances test the affidavit does establish probable cause for the issuance of a search warrant. The government argues, in the alternative, that even if the affidavit was defective, then the court should uphold the search under the good faith exception of *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

The affidavit states that on April 17, 1999, at approximately 5:44 p.m., a caller to the Junction City Police Department advised that marijuana could be smelled coming from Apartment No. 10 at 1015 Valley View. The caller stated that the male tenant of the apartment came into the hallway and sprayed some deodorant. This man departed in a silver Toyota with two other black men. Affiant, Detective Joseph D. Espy of the Junction City Police Department, arrived at the apartment complex at 6:20 p.m. and smelled the odor of marijuana coming from inside Apartment No. 10. He noted in his affidavit that he "detected a stronger odor of marijuana coming from inside the apartment through the crack in the door." Det. Espy contacted the caller who advised that on the previous Sunday, he walked by the door as a black male and black female had been leaving the apartment and could smell a "strong odor of marijuana coming from the clothes of the subjects and from the doorway of the apartment." The caller also noted that "when the door to # 10 is opened the smell of marijuana is sucked into his apartment." Det. Espy stated in

his affidavit that the caller informed him that he knew the smell of marijuana from his prior employment in the military police for sixteen years. The affidavit also noted that on April 12, 1999, a caller informed the Junction City Police Department that the tenants at 1015 Valley View, Apartment No. 10, were frequently "using" marijuana. The apartment manager determined that this apartment was leased to Naquithia Lightning and Elroy Carr, who had leased the apartment in February 1999. The affidavit also noted Carr's prior criminal history for marijuana related offenses.

The test for determining whether or not there is probable cause to support the issuance of a search warrant is the "totality of circumstances" test. *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for ... conclud[ing] that probable cause existed." *United States v. Emmons,* 24 F.3d 1210, 1214 (10th Cir.1994).

The court finds that a review of the affidavit here shows that sufficient reliable probable cause existed to believe that evidence of the crime of possession of marijuana would be found at the residence specified in the affidavit. The court sees no merit to any of the arguments raised by the defendant. For example, the defendant's assertion that the affidavit must fail because the affiant failed to provide a basis for his ability to recognize the odor of marijuana is without merit. *See United States v. Ludwig,* 508 F.2d 140, 141 (10th Cir.1974) (inherent in officer's statement that he smelled marijuana is the claim that

he is familiar with substance's odor). Moreover, the information concerning the basis of the informant's ability to recognize the odor of marijuana is clearly sufficient. Finally, the suggestion that the affidavit fails to adequately demonstrate that there would be contraband or evidence of a crime at the time of the search is also clearly without merit.

In sum, the court denied the defendant's motion.

MOTION TO SUPPRESS WABAUNSEE COUNTY EVIDENCE

The defendant seeks to suppress all items seized in Wabaunsee County which are attributed to him. He contends that the integrity of this evidence has been so compromised as to make it inadmissible. The defendant points to various problems that have occurred at the Wabaunsee County Jail and with the Wabaunsee County Sheriff's Department.

The government responds that the incidents noted by the defendant occurred in 1994, 1996 and late 1997 to early 1998. The government notes that all of these alleged incidents occurred prior to the handling of the evidence in this case. The government further notes that the defendant has failed to offer any substantive support for any of these allegations. The government states that the only support for any of these allegations is contained in a newspaper article that the defendant referenced in a related discovery motion.

The court is not persuaded that the defendant has presented a prima facie showing of a Fourth Amendment violation. The defendant has offered no factual support for any of these allegations except for a newspaper article. The defendant has failed to produce any evidence that the contraband in this case has been altered, tampered with, mishandled or tainted. Accordingly, this motion was also denied.

**IT IS THEREFORE ORDERED** that defendant's motion for discovery (Doc. # 30) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion to suppress based on lack of probable cause to support search warrant (Doc. # 39) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion to sever counts (Doc. # 41) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion to strike alias (Doc. # 42) be taken under advisement pending a decision during the trial of this matter.

**IT IS FURTHER ORDERED** that defendant's motion for disclosure of 404(b) evidence (Doc. # 43) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion to suppress Wabaunsee County evidence (Doc. # 44) be hereby denied.

**IT IS SO ORDERED.**