**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JONATHAN LELAND MOORE,

    Defendant - Appellant.

No. 17-5043
(D.C. Nos. 4:16-CV-00655-GKF-PJC and
4:14-CR-00187-GKF-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Jonathan Moore, proceeding pro se, seeks a certificate of appealability ("COA") to challenge the denial of his 28 U.S.C. § 2255 petition. We deny a COA and dismiss the appeal.

**I**

Moore pled guilty to one count of conspiracy to defraud the United States and to commit bank fraud in violation of 18 U.S.C. § 371. The charge stemmed from a conspiracy between Moore and other employees of Arrow Trucking Company to underreport payroll taxes and to submit false invoices to Transportation Alliance Bank ("TAB"). In his plea agreement, Moore admitted to being involved in the

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conspiracy from January 1 through December 11, 2009, and he stipulated to the total monetary losses suffered. He was sentenced to 35 months' imprisonment and ordered jointly and severally liable for restitution totaling $21,026.682.03. No direct appeal was filed. In October 2016, Moore filed a § 2255 motion, claiming ineffective assistance of counsel. The district court denied relief on the merits and declined to grant a COA. Moore now seeks a COA from this court.

## II

To appeal the district court's denial of § 2255 relief, Moore must obtain a COA. § 2253(c)(1)(B). We will grant a COA only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). To succeed on an ineffective assistance claim, a prisoner must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The right to counsel extends to the plea-bargaining process. Missouri v. Frye, 566 U.S. 134, 140 (2012).

Moore argues that his counsel was ineffective for failing to advise him during plea negotiations that he could not be guilty of the conspiracy offense after June 2009, because he had been demoted from Chief Financial Officer and was no longer responsible for payroll or taxes. However, Moore repeatedly admitted his

2

involvement in the conspiracy through December 2009, and he testified to several overt acts that he took in furtherance of the conspiracy after his demotion. Because Moore's own admissions indicate he did not withdraw from the conspiracy after the demotion, see United States v. Randall, 661 F.3d 1291, 1294 (10th Cir. 2011) (defendant "must take affirmative action" to withdraw from conspiracy), defense counsel did not render ineffective assistance by failing to advise him otherwise.

Additionally, Moore claims that counsel was ineffective for failing to challenge the government's proof of loss and restitution calculations. But Moore stipulated to the loss amount in his plea agreement, and he agreed to pay restitution in the full amount of the victims' losses. Thus, the district court was entitled to rely on those stipulations in calculating restitution, and counsel could not have been ineffective in failing to object to those calculations. See United States v. Spann, 515 F.2d 579, 580-83 (10th Cir. 1975) (stating jury may rely on testimony admitted into evidence by parties' stipulation in reaching decision). Relatedly, Moore asserts ineffective assistance based on counsel's failure to argue for a reduced restitution obligation to TAB in light of a civil settlement. But defense counsel did raise the civil settlement as a basis for a downward variance, which the court rejected.

3

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge