**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ernest Leland SWAFFORD,
Defendant-Appellant.**

**No. 84–1388.**

United States Court of Appeals,
Tenth Circuit.

June 28, 1985.

---

Richard D. Irvin, Boulder, Colo., for defendant-appellant.

Louis M. Fischer, Appellate Section, Crim. Div., U.S. Dept. of Justice, Washington, D.C. (Donn F. Baker, Acting U.S. Atty., E.D. Oklahoma, Muskogee, Okl., with him on the brief), for plaintiff-appellee.

Before McKAY, SETH and SEYMOUR, Circuit Judges.

SETH, Circuit Judge.

The defendant was indicted on three counts under 18 U.S.C. § 1510 and 18 U.S.C. § 1512, one for conspiracy and two substantive counts. Defendant was convicted of conspiracy to injure a person on account of information given by that person as to a violation of criminal law. He was acquitted on the two substantive counts. There were overt acts alleged in the conspiracy count.

Defendant Ernest Swafford had pled guilty to a federal firearms violation, and spent one year in jail. Arthur Tillman had testified before the grand jury that indicted Mr. Swafford of this crime. After Mr. Swafford's release from prison he and a Robert Doak went to Mr. Tillman's home. Ernest Swafford struck Mr. Tillman several times. Mr. Doak remained an unnamed coconspirator.

Mr. Swafford and defense witnesses testified he attacked Mr. Tillman only because

he harassed Mr. Swafford's family while he was in prison. Mr. Tillman stated Ernest Swafford told him while striking him that "you kept me away from my wife and two kids for a year." He also testified both Ernest Swafford and Robert Doak told him more than once that "if I called the law that next time they would kill me."

Appellant on this appeal contends that improper prosecutorial remarks require reversal; that the district court's change in a jury instruction after closing argument violated Rule 30 of the Federal Rules of Criminal Procedure, and also claims the verdict is inconsistent.

Mr. Swafford requests reversal based on prosecutorial misconduct. The government argued during rebuttal that the victim wanted to have the charges dropped but was not able to do so, and was afraid he would be whipped. This was objected to but the objection was overruled. With no further objections on this subject the prosecutor continued in his argument referring to Mr. Tillman:

"When he took the witness stand, he told you the truth. He fa[c]ed the heat and he got up here and he told you the truth."

■ We continue to hold that vouching by an attorney as to the veracity of a witness is improper conduct and an error which this court will carefully review. *United States v. Ludwig*, 508 F.2d 140 (10th Cir.); *United States v. Martinez*, 487 F.2d 973 (10th Cir.). Both case law and the Code of Professional Responsibility identify a lawyer's assertion of personal opinion during trial as an example of improper advocacy. *See* ABA Code of Professional Responsibility DR 7–106(C)(4).

■ The dispositive issue on review is whether attorney's comments rise to the level of "plain error" under Rule 52(b) of the Federal Rules of Criminal Procedure. *United States v. Young*, — U.S. —, 105 S.Ct. 1038, 1042–43, 84 L.Ed.2d 1; *United States v. Ludwig*, 508 F.2d 140, 143 (10th Cir.). Remarks can constitute plain error if they "undermine the fundamental fairness of the trial and contribute to a miscarriage

of justice." *Young*, — U.S. at —, 105 S.Ct. at 1047. The Court in *Young*, — U.S. at —, 105 S.Ct. at 1044, suggested on review:

"[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial."

When reviewing the record the Court also suggested that courts "consider the probable effect the prosecutor's response would have on the jury's ability to judge the evidence fairly." *Young*, — U.S. at —, 105 S.Ct. at 1045.

We stress the dangers involved in an attorney's expression of personal opinion, especially a prosecutor. A jury could gain the impression from such conduct that the prosecutor knows of evidence excluded from its consideration. As the Court warned in *Young*, — U.S. at —, 105 S.Ct. at 1048,

"the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence."

Ernest Swafford and the government pinpointed witness credibility as a major issue in the case. Arthur Tillman's character and ability to tell the truth were placed on the line during defense attorney's closing statement: "Arthur couldn't tell the truth." The prosecutor's reference to Mr. Tillman's credibility flowed from his interpretation of the evidence and permissible inferences. He argued to the jury that a witness who had been beaten, threatened, admitted being "scared" and requested federal protection might have found it easier to affirm defendant's story than to stick to his version of the facts.

■ Reviewing the prosecutor's remarks within the context of the entire record we find they did not erode the defendant's right to a fair trial. Nor do we find indications that the jury could have been improperly influenced. The court instructed the

jury before and after arguments concerning the weight and significance closing arguments should receive. The jury acquitted Mr. Swafford on two counts. The Court in *Young,* —— U.S. at —— n. 15, 105 S.Ct. at 1048 n. 15, noted a partial acquittal reinforced its conclusion "that the prosecutor's remarks did not undermine the jury's ability to view the evidence independently and fairly." We conclude that in this atmosphere the prosecutor's statements did not create a "plain error" requiring reversal of Ernest Swafford's conviction.

■ Appellant Swafford also claims government statements concerning Mr. Tillman's reasons for seeking dismissal of the case relied on facts not introduced as evidence. However, evidence was introduced to support the prosecutor's theory concerning Mr. Tillman's motives.

Appellant sees as error the district court's change in a jury instruction after closing argument. Fed.R.Crim.P. 30. Defense counsel referred to an instruction covering Mr. Swafford's theory of defense during closing argument. The instruction originally requested is not part of the record. Appellant objects to the addition by the court of the word "solely." The instruction given reads:

> "Now, the defendant's theory of defense is that any injury he caused to Arthur A. Tillman was on account of Tillman's advances and harrassment [sic] toward the defendant's wife and family.
>
> "If you find from the evidence a reasonable doubt that any injury to Arthur A. Tillman caused by the defendant was *solely* on account of any reason other than Arthur A. Tillman's giving information of a federal crime to a criminal investigator, you must find the defendant not guilty of the offenses charged in the indictment." (Emphasis added.)

■ The court gave counsel time to recommend any curative instruction. Appellant decided not to request any change or further instruction. He made no specific objection under Rule 30 before the jury retired and hence may not object to addition of the word "solely" on this appeal. In *Hamling v. United States,* 418 U.S. 87,

135, 94 S.Ct. 2887, 2916, 41 L.Ed.2d 590, the Court examined the relationship between Rule 30 and Rule 52(b) and on review approved as sound an approach "which . . . in some manner examined the prejudice to the defendant in deciding whether reversal is required where there is a failure to comply with Rule 30." We have found prejudice to the defendant when 'the instruction given is a misstatement of the law. *United States v. Rothbart,* 723 F.2d 752 (10th Cir.); *United States v. Newson,* 531 F.2d 979 (10th Cir.); *Burroughs v. United States,* 365 F.2d 431 (10th Cir.).

Appellant's appeal on this issue fails because his objection during trial lacked specificity. There was nothing more than a statement that the addition of the word "solely" was objected to but no reason was given. A party waives his rights under Rule 30 unless he "distinctly" states "the grounds of his objections." *United States v. Zang,* 703 F.2d 1186 (10th Cir.); *Maxfield v. United States,* 360 F.2d 97 (10th Cir.). The form of Mr. Swafford's objection was general in nature. He identified the added word but presented no grounds for this objection before the jury retired. We cannot consider the point on this appeal.

The closing argument made by the defendant did not in any significant respect differ from the instruction as given. He was not misled by the original form of the instruction nor is there any indication of prejudice. *United States v. Smith,* 629 F.2d 650 (10th Cir.).

Finally, Ernest Swafford argues that his acquittal on the two substantive counts of injuring a federal informant means his conviction for conspiracy logically must fall. He would have this court carve an exception in the rule covering inconsistent verdicts established by *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356. The Supreme Court recently rejected a Ninth Circuit exception to *Dunn* in *United States v. Powell,* —— U.S. ——, ——, 105 S.Ct. 471, 479, 83 L.Ed.2d 461:

> "The rule established in *Dunn v. United States* has stood without exception in

this Court for 53 years. If it is to remain that way, and we think it should, the judgment of the Court of Appeals must be *Reversed.*"

■ The rule pronounced by Justice Holmes in *Dunn*, 284 U.S. at 393, 52 S.Ct. at 190, stands: "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." There must, of course, be sufficient evidence to support the guilty verdict.

■ We conclude that there was sufficient evidence to support the verdict. The evidence showed Robert Doak phoned Arthur Tillman in order to lure him out of the house. Mr. Doak drove Ernest Swafford to Mr. Tillman's home knowing that he intended to injure Mr. Tillman. Mr. Tillman testified that Ernest Swafford blamed him for his imprisonment. The jury had before it sufficient evidence to rationally decide beyond a reasonable doubt that Ernest Swafford conspired to injure a person on account of information relating to a crime given to a federal investigator.

AFFIRMED.