935 F.2d 278
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Orlando MARTINEZ, Defendant-Appellant.
 No. 90-1344.
 United States Court of Appeals, Tenth Circuit.
 June 6, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant Orlando Martinez appeals pro se from the district court's denial of his motion for a new trial based on newly discovered evidence. Fed.R.Crim.P. 33. Defendant was convicted of possession with intent to distribute cocaine and possession with intent to distribute heroin. His conviction was affirmed by this court. United States v. Martinez, Nos. 89-1130 & 89-1138, unpub. order at 8 (10th Cir. Sept. 7, 1990).
 
 
 2
 A district court may grant a new trial on the ground of newly discovered evidence within two years after final judgment or, if an appeal is taken, within two years of the mandate affirming the judgment. United States v. Cook, 705 F.2d 350, 351 (9th Cir.1983). A motion for a new trial should be approached cautiously and is committed to the sound discretion of the district court. United States v. Plum, 558 F.2d 568, 576 (10th Cir.1977); United States v. Maestas, 523 F.2d 316, 320 (10th Cir.1975). A denial of the motion will not be reversed absent a clear abuse of discretion. United States v. Latimer, 780 F.2d 868, 870 (10th Cir.1985); Maestas, 523 F.2d at 320.
 
 
 3
 A defendant seeking a new trial must establish the following:
 
 
 4
 "The newly discovered evidence must be more than impeaching or cumulative; it must be material to the issues involved; it must be such as would probably produce an acquittal; a new trial is not warranted by evidence which, with reasonable diligence, could have been discovered and produced at trial."
 
 
 5
 United States v. Bradshaw, 787 F.2d 1385, 1391 (10th Cir.1986) (quoting United States v. Allen, 554 F.2d 398, 403 (10th Cir.), cert. denied, 434 U.S. 836 (1977)). Defendant has not satisfied the standard.
 
 
 6
 Defendant's newly discovered evidence concerns newspaper reports that a police informant who was a prosecution witness provided police with false information in several cases. Even assuming that defendant could obtain admissible evidence to the same effect, the relationship between the newspaper cases and the defendant's case is not readily apparent. Moreover, defendant does not indicate how this witness's testimony was integral to his conviction, nor does he identify any specific untrue statements by this witness. Instead, defendant argues that the impeachment value of this new information would have cast doubt upon the government's overall case. Evidence which is cumulative or impeaching is insufficient to warrant a new trial. See Mesarosh v. United States, 352 U.S. 1, 9 (1956); Lewis v. United States, 771 F.2d 454, 456-57 (10th Cir.), cert. denied, 474 U.S. 1024 (1985). Thus, defendant's grounds are insufficient to warrant a new trial and the district court did not abuse its discretion in denying the motion without a hearing.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3