946 F.2d 902
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dwight Christian VACCARO, Defendant-Appellant.
 No. 89-6317.
 United States Court of Appeals, Tenth Circuit.
 Oct. 11, 1991.
 
 Before HOLLOWAY, LOGAN and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant Dwight Christian Vaccaro allegedly participated in a scheme in which young women would fly from Oklahoma City to Los Angeles carrying cash provided by defendant and others, transfer the cash to defendant's brother, Kendrick, in return for cocaine, and return to Oklahoma City with the cocaine. Defendant and others would then distribute the cocaine in the Oklahoma City area. Also, defendant allegedly manufactured crack cocaine at his residence. Defendant, his brother, and seven others were named in a thirty-count indictment. The indictment included counts for conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)A, manufacture of cocaine, 21 U.S.C. § 841(a)(1), possession with intent to distribute two kilograms of cocaine, id., maintaining premises for cocaine manufacture, 21 U.S.C. § 856(a)(1) & (2), travel act violations, 18 U.S.C. § 1952(1)(3) & (2), and firearms possession, 18 U.S.C. § 924(c)(1). At trial, twenty-six of the counts were submitted to the jury. The jury convicted on the conspiracy count, 21 U.S.C. § 846, the possession count, 21 U.S.C. § 841(a)(1), and the manufacturing count, id., but acquitted on the remaining twenty-three counts.
 
 
 2
 Defendant contends that (1) the evidence was insufficient to support the three convictions, and (2) his due process rights were violated in the sentencing stage. We affirm the conspiracy and manufacture convictions; however, we reverse the possession conviction for lack of sufficient evidence. The case is remanded to the district court for further proceedings consistent with this opinion. Because we have remanded for resentencing, we need not consider defendant's due process argument.
 
 I. Conspiracy
 
 3
 A drug distribution conspiracy is an agreement between two or more persons to traffic in controlled substance. United States v. Savaiano, 843 F.2d 1280, 1294 (10th Cir.1988). To obtain a conviction, the government must prove that "(1) a conspiracy existed, (2) the defendant knew the essential objectives of the conspiracy, and (3) the defendant knowingly and voluntarily became a part of it." United States v. Esparsen, 930 F.2d 1461, 1471 (10th Cir.1991).
 
 
 4
 We are mindful to guard against the mass application of guilt in conspiracy cases because guilt is always dependent on personal and individual conduct, not on mere association or unknowing involvement. See Kotteakos v. United States, 328 U.S. 750, 773 (1946); United States v. Harrison, No. 89-5156, slip op. at 7-8, 1991 WL 155941 (10th Cir. Aug. 19, 1991); United States v. Fox, 902 F.2d 1508, 1514 (10th Cir.), cert. denied, 111 S.Ct. 199 (1990). Nevertheless, we review the evidence in the light most favorable to the government to determine whether any rational trier of fact could find the defendant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). This deferential standard recognizes that it is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id. at 319. Credibility choices are resolved in favor of the jury's verdict, id. at 326; United States v. Record, 873 F.2d 1363, 1367 (10th Cir.1989), but we cannot sustain a conspiracy conviction if the evidence does no more than create a suspicion of guilt or amounts to a conviction resulting from piling inference on top of inference. Direct Sales v. United States, 319 U.S. 703, 711 (1943); Fox, 902 F.2d at 1513.
 
 
 5
 As the government points out, the record in this case is replete with evidence of a conspiracy. Witnesses testified that the couriers made eleven trips from Oklahoma to Los Angeles. The witnesses testified that defendant made the reservations and paid for several of the trips, that defendant provided the cash for the cocaine buys on several occasions, that the couriers brought cocaine back to defendant's residence on several occasions, that defendant traveled to Los Angeles to participate in one of the cocaine buys, and, among other things, that defendant gave specific instructions to the couriers and cooked and sold crack cocaine. Viewing this evidence in the light most favorable to the government, we conclude that a rational jury could find the existence of a conspiracy to possess and distribute in excess of five kilograms of cocaine beyond a reasonable doubt.
 
 
 6
 Defendant contends that all of the above evidence should be disregarded because the same evidence was offered in support of the numerous travel act counts of which he was acquitted. He contends that the inconsistency in the jury verdicts mandates reversal. We do not think that the verdicts are inconsistent because the elements of the offenses are not identical. Although the evidence overlaps, the jury could have determined that the government failed to prove an element of the travel act counts, yet proved beyond reasonable doubt the elements of a conspiracy. Even so, a guilty verdict is not reviewable simply because it is inconsistent with another verdict in a multiple count indictment. See United States v. Powell, 469 U.S. 57 (1984); Harris v. Rivera, 454 U.S. 339, 345 (1981); Hoag v. New Jersey, 356 U.S. 464, 472 (1958); United States v. Dotterweich, 320 U.S. 277, 279 (1943); Dunn v. United States, 284 U.S. 390, 393 (1932). See also Los Angeles v. Heller, 475 U.S. 796, 804 n. 10 (1986) (per curium). The critical inquiry remains whether any rational jury could find defendant guilty beyond a reasonable doubt, and we have already passed on this question. Any further inquiry into the jury's deliberations is impermissible.[1] See Powell, 469 U.S. at 67 (After the sufficiency review, "further safeguards against jury irrationality are [not] necessary."). The conspiracy conviction is affirmed.
 
 II. Manufacture
 
 7
 Defendant next contends that the record does not contain sufficient evidence to support his conviction for manufacturing cocaine, 21 U.S.C. § 841(a)(1). The record, however, contains testimony from a person who witnessed defendant cooking crack cocaine at his apartment. Considering this evidence in the light most favorable to the government, we find that a rational juror could conclude beyond reasonable doubt that the defendant manufactured cocaine. See Jackson v. Virginia, 443 U.S. at 318-19. The manufacturing conviction is affirmed.
 
 III. Possession
 
 8
 Defendant correctly asserts that the evidence is insufficient to support his conviction for possession with intent to distribute two kilograms of cocaine, 21 U.S.C. § 841(a)(1). The indictment charged defendant with possessing the cocaine on or about March 8, 1989. Instead of addressing each of defendant's insufficient evidence issues specifically, the government grouped all of the counts together, contending that evidence of possession and manufacture on other dates in the indictment supported the conviction on this count. The government's brief was not helpful on the possession sufficiency issue. And we have not found a scintilla of evidence in the record which would suggest that defendant possessed any cocaine on or about March 8, 1989. Therefore, no rational juror could find such possession beyond reasonable doubt. See Jackson v. Virginia, 443 U.S. at 318-19. We reverse the conviction.
 
 IV. Conclusion
 
 9
 Given our reversal of the possession conviction, we remand this case to the district court for resentencing. It therefore is unnecessary for us to consider defendant's due process arguments with regard to his sentencing. We do note, however, that the presentence report, as adopted by the district court, is ambiguous as to the amount of cocaine involved. The presentence report, without explanation, concludes that fifteen kilograms of cocaine was involved in the offense. Upon a review of the record, we cannot determine whether the figure is supported. On remand, the district court is instructed to enter a judgment of acquittal on the possession count and to resentence making findings supporting the total amount of cocaine involved.
 
 
 10
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purposes of establishing the doctrines of law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Along this same line of reasoning, defendant contends that the jury's verdict should be reversed as a compromise verdict. This argument is meritless. See United States v. Dotterweich, 320 U.S. 277, 279 (1943) (Referring to compromise, the Court stated that "[j]uries may indulge in precisely such motives or vagaries.")