980 F.2d 741
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eric DANNENBURG, Defendant-Appellant.
 No. 89-6320.
 United States Court of Appeals, Tenth Circuit.
 Nov. 25, 1992.
 
 1
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 CLARENCE A. BRIMMER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Defendant appeals from his conviction for conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. The government proceeded below on a broad indictment charging several codefendants in the conspiracy and alleging numerous substantive counts, including possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), manufacture of cocaine base, id., violation of the Travel Act, 18 U.S.C. § 1952(a)(1), (3), maintenance of premises for manufacture and distribution of cocaine base, 21 U.S.C. 856(a)(1), and use of firearms in connection with a drug offense, 18 U.S.C. § 924(c)(1). Defendant, however, faced just the overall conspiracy charge and the maintenance count. The only guilty verdicts returned by the jury involved Defendant and codefendant Dwight Vaccaro together on the conspiracy charge, and codefendant Vaccaro individually on the manufacturing count and one possession count. Codefendant Vaccaro's conviction has since been reversed as to the possession count, but affirmed in all other respects. See United States v. Vaccaro, 946 F.2d 902 (table), 1991 WL 204945, 1991 U.S.App. LEXIS 24692 (10th Cir.1991), cert. denied, 112 S.Ct. 1510 (1992).
 
 
 6
 Defendant's pro se appellate briefs nominally designate four separate issues, but this appeal raises only two substantial questions for review: (1) was it proper to permit the jury to convict Defendant of conspiracy based on predicate acts other than those expressly included in the only substantive count alleged against him, particularly in light of his acquittal thereon, and (2) if so, does the record contain sufficient evidence of such acts to support the jury's verdict on the conspiracy charge? For the reasons that follow, we answer both questions in the affirmative and, accordingly, leave Defendant's conviction undisturbed.
 
 
 7
 The first question potentially encompasses two separate objections, one relating to variance between indictment and proof, the other to inconsistency in the verdicts. The latter objection need not detain us for long, however, as this and other circuits have already applied the general rule of forbearance toward verdict inconsistency established in Dunn v. United States, 284 U.S. 390 (1932), and United States v. Powell, 469 U.S. 57 (1984), specifically to the present situation, affirming the conspiracy conviction of a defendant acquitted of the only substantive offense pled in support thereof. See, e.g., United States v. Swafford, 766 F.2d 426, 429-30 (10th Cir.1985); United States v. Lopez, 944 F.2d 33, 41 (1st Cir.1991); United States v. Brown, 934 F.2d 886, 889-90 (7th Cir.1991); see also United States v. Latimer, 780 F.2d 868, 871 (10th Cir.1985) (dictum). This result is lent further support here by the principle that a drug conspiracy conviction does not require proof of any "overt act" in furtherance of the conspiracy, see United States v. Esparsen, 930 F.2d 1461, 1471 (10th Cir.1991) (citing United States v. Savaiano, 843 F.2d 1280, 1294 (10th Cir.1988)), cert. denied, 112 S.Ct. 882 (1992), much less conviction on an underlying substantive offense. See United States v. Covos, 872 F.2d 805, 809-10 (8th Cir.) (rejecting overt act requirement and holding, as a consequence, that government's failure to prove particular acts alleged in indictment did not preclude conspiracy conviction on other sufficient evidence), cert. denied, 493 U.S. 840 (1989).
 
 
 8
 Turning now to the primary thrust of the first question, numerous decisions recognize that a conspiracy conviction may be supported by evidence of predicate acts different from those specifically alleged in the indictment. See, e.g., United States v. Atisha, 804 F.2d 920, 927 (6th Cir.1986), cert. denied, 479 U.S. 1067 (1987); United States v. Lewis, 759 F.2d 1316, 1344, 1347 (8th Cir.), cert. denied, 474 U.S. 994 (1985); United States v. DiPasquale, 740 F.2d 1282, 1294 (3d Cir.1984), cert. denied, 469 U.S. 1228 (1985); Brulay v. United States, 383 F.2d 345, 350-51 (9th Cir.), cert. denied, 389 U.S. 986 (1967). Indeed, United States v. Champion, 813 F.2d 1154 (11th Cir.1987), rejected an objection on this ground that, like Defendant's, was coupled with the fact of acquittal on underlying substantive offenses pled in the indictment. Id. at 1168. Of course, as these very same authorities also illustrate, this permissive rule must in each particular case be considered in light of the more general principle prohibiting a prejudicial variance between indictment and proof with respect to any crime. Thus, if Defendant's substantial rights were adversely affected because of unreasonable surprise to the defense, likely improper transference of guilt from an incriminated codefendant,[1] or double jeopardy problems, the variance could still be fatal to his conviction. See United States v. Cardall, 885 F.2d 656, 670 (10th Cir.1989); United States v. Pinto, 838 F.2d 426, 433 (10th Cir.1988). We review this matter de novo. Cardall, 885 F.2d at 670.
 
 
 9
 Defendant has not identified any double jeopardy complications caused by his prosecution here, nor do any suggest themselves. Moreover, as this case was consistently pled, prosecuted, and ultimately presented to the jury as involving a single conspiracy, the transference of guilt problem was relatively minimal to begin with, and Defendant has not suggested how it was increased by proof of conspiratorial acts (primarily his own) not specifically set out in the indictment. Finally, we see no basis for any claim of surprise to the defense. Where, as here, "the indictment fairly specifies the offense charged and notifies the defendant of the particulars, the defendant has knowledge that other overt acts underlying the conspiracy [and his connection to it] might be pleaded at trial." Lewis, 759 F.2d at 1344. The evidence presented against Defendant, discussed in some detail below, clearly relates to actions, persons, and/or events extensively outlined in the lengthy indictment. More importantly, this evidence establishes " 'facts which, although not specifically mentioned in the indictment, are entirely consistent with its allegations.' " Champion, 813 F.2d at 1168 (quoting standard for permissible variance from United States v. Gold, 743 F.2d 800, 813 (11th Cir.1984), cert. denied, 469 U.S. 1217 (1985)).
 
 
 10
 Although Defendant moved for judgment of acquittal at the end of the government's case in chief, R.Supp. Vol. XIV at 65-74, the record does not show that he renewed the motion following either the defense case, see R.Supp. Vol. XVI at 157-60, the government's rebuttal, see R.Supp. Vol. XVII at 79-85, or the close of evidence, see id. at 121-25. While, strictly speaking, our consideration of the sufficiency of the evidence is therefore restricted by the plain error standard, in actuality our review is essentially the same as if there had been a proper motion for acquittal. United States v. Cox, 929 F.2d 1511, 1513-14 (10th Cir.1991). Thus, we must make an independent determination whether the evidence, augmented with all reasonable inferences therefrom and considered in the light most favorable to the government, was sufficient to enable a reasonable trier of fact to find Defendant guilty beyond a reasonable doubt. Id. at 1514.
 
 
 11
 Because this is a conspiracy case, our review is informed by some more specific principles as well. To sustain Defendant's conviction, the record must demonstrate that a conspiracy existed, Defendant knew its essential objectives, and Defendant voluntarily became a part of it. Esparsen, 930 F.2d at 1471. This court has already affirmed, on our same record, the existence of the conspiracy in question here, without reliance on any particular evidence involving Defendant. See United States v. Vaccaro, 1991 U.S.App. LEXIS 24692, at * 4 (holding that "the record in this case [i.e., our same record here] is replete with evidence of a conspiracy," and listing a number of acts and incidents not involving Defendant). Thus, we must affirm the verdict if the record discloses Defendant had even a slight connection to the independently demonstrated conspiracy, provided there is sufficient evidence to establish that connection beyond a reasonable doubt. See United States v. Brown, 943 F.2d 1246, 1250 (10th Cir.1991). Defendant need not have played a prominent role in, or known all the details of, the conspiracy, and his presence at the scene of illegal activities, though insufficient alone to prove participation, is still a material factor supporting the government's case. Esparsen, 930 F.2d at 1471-72.
 
 
 12
 On codefendant Vaccaro's appeal, this court described a cocaine conspiracy involving numerous trips between Oklahoma City and Los Angeles by drug couriers directed by Vaccaro, who manufactured crack cocaine for sale in Oklahoma City. See United States v. Vaccaro, 1991 WL 204945, at *1-3 1991 U.S.App. LEXIS 24692, at * 4-* 7. As the conspiracy continued into early 1989, Vaccaro spoke with Defendant in California about coming out to Oklahoma City with him, which Defendant did in the latter part of February. R.Supp. Vol. XV at 257-59. Upon their arrival, Vaccaro introduced Defendant to one of his couriers as the man who was going to be helping him by "taking J.'s place."[2] R.Supp. Vol. X at 121. A good deal of testimony placed "J.," i.e., codefendant James Lockhart, deep in the conspiracy in connection with both the couriers' trips to California and the subsequent distribution of cocaine in Oklahoma City. See, e.g., R.Supp. Vol. X at 49-51, 69-70, 76-79, 88-89, 120, 178-80; XII at 92-93; XIII at 123-25, 167; XVI at 178-89, XVII at 19-24, 36-37. Lockhart ceased to be involved in these activities at about the time Defendant came to Oklahoma City. See R.Supp. Vol. X at 120-21; see also R.Supp. Vol. XVII at 52-59.
 
 
 13
 Shortly after his arrival, Defendant stayed at an apartment with Vaccaro and avowed drug courier Diane Davis (a/k/a Diane Little Axe), R.Supp. Vol. XVI at 259-60, and later moved into a duplex with Vaccaro and two other admitted couriers, see id.; X at 122; XI at 213. The record is full of references connecting the latter residence, which was covertly financed by Vaccaro in the couriers' names, see R.Supp. Vol. X at 41-43; XI at 89-92, with the transportation, manufacturing, and distribution activities of the conspiracy. Specifically as to Defendant, witnesses testified regarding his possession of cocaine brought back to the duplex from Los Angeles, R.Supp. Vol. X at 123, his presence when crack was manufactured there,[3] id. at 123-24; R.Supp. Vol. XI at 237-38, and his participation in cocaine deliveries from the premises, R.Supp. Vol. X at 180-81; see also R.Supp. Vol. XIII at 124. When the duplex was searched by law enforcement officers on the morning of March 16, 1989, in addition to the cocaine residue found on various cooking utensils and appliances in the kitchen, R.Supp. Vol. XIII at 233-34, 245-49, $2,120 in cash was found on the floor in Defendant's bedroom,[4] id. at 230. See United States v. Martinez, 938 F.2d 1078, 1085 (10th Cir.1991) (association with sizeable amount of cash probative of defendant's guilt on charges relating to drug distribution).
 
 
 14
 Based on our review, the trial record contains more than enough evidence to support Defendant's conviction. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This factor refers to the difficulty a defendant faces, particularly in a multiple conspiracy case, in anticipating and deflecting improper imputations of guilt from a codefendant who is not, at least as to the particular incriminating acts in question, his coconspirator. See Kotteakos v. United States, 328 U.S. 750, 767 (1946), cited by Cardall, see infra above, to illustrate this potential source of prejudice
 
 
 [2]
 This is, presumably, the primary target of Defendant's vague and cursory objection regarding admission of coconspirator (hearsay) statements under Fed.R.Evid. 801(d)(2)(E). See Brief of Appellant at 25; Reply at 3-4. Ordinarily, to admit such evidence, the trial court must find on the record that a conspiracy existed, the declarant and the objecting defendant were participants, and the statements were made in the course and in furtherance of the conspiracy. United States v. Radeker, 664 F.2d 242, 243-44 (10th Cir.1981). However, because no timely objection was made to the evidence, see R.Supp. Vol. X at 121-22, the lack of express findings does not require reversal, and we review admission of the evidence only for plain error. United States v. Monaco, 700 F.2d 577, 581 (10th Cir.1983). Statements that identify a fellow conspirator are considered made in furtherance of the conspiracy, United States v. Caro, 965 F.2d 1548, 1557 (10th Cir.1992), and, contrary to Defendant's view, such evidence may itself be used to justify admission under Rule 801(d)(2)(E), id. In light of this, and the evidence recited above, we discern no reversible error here
 
 
 [3]
 In fact, there was circumstantial evidence of an "experiment" conducted in the duplex jointly by Defendant and Vaccaro to manufacture crack using a microwave unit. See R.Supp. Vol. X at 164; XIII at 233, 247
 
 
 [4]
 Defendant admitted the cash was his, but stated that his mother had given it to him for a vacation. R.Supp. Vol. XV at 264, 272-73. Defendant's mother corroborated her son's testimony, stating that she had withdrawn from her bank account a substantial sum of money and had given him $2,700 shortly before he left California for Oklahoma City. Id. at 243-46. However, this bank withdrawal was substantiated in court only with a personal record prepared by Defendant's mother, rather than an official bank record. Id. The conclusion to be drawn from all of this was clearly within the exclusive province of the jury. See Esparsen, 930 F.2d at 1470 ("we refrain from second-guessing the jury's assessment of witness credibility"); see, e.g., United States v. Slater, 971 F.2d 626, 637-38 (10th Cir.1992) (conflicting testimony in drug case regarding explanation for presence of large amount of cash matter for jury's resolution)