**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DWIGHT CHRISTIAN VACARRO,

      Defendant-Appellant.

No. 97-6403
(D.C. No. CIV-97-567-R &
CR-89-73-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO, BARRETT,** and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Dwight Christian Vaccaro, proceeding pro se, appeals the district court's denial of his motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. He requests issuance of a certificate of appealability, contending that his trial and appellate counsel provided ineffective assistance, and therefore, his convictions for possession with intent to distribute cocaine and the manufacture of cocaine are constitutionally infirm.

Defendant first claims his appellate counsel provided ineffective assistance because (1) he did not raise the issue of a compromise verdict in the direct criminal appeal, (2) he did not appeal any of the issues included in a list of twenty possible appellate issues formulated by defendant's trial attorney, and (3) he did not raise on appeal the issue of four notes sent by the jury and the Allen[1] charge given by the trial court. Contrary to defendant's claim, the compromise verdict issue was addressed in defendant's direct appeal. See United States v. Vaccaro, No. 89-6317, 1991 WL 204945, at **2 n.1 (10th Cir. Oct. 11, 1991) ("This argument is meritless.").

The remaining two issues were not raised in defendant's direct appeal. Therefore, defendant must show cause and prejudice for failing to raise them. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). Constitutionally ineffective assistance of counsel can satisfy the cause and prejudice requirement.

---

[1] Allen v. United States, 164 U.S. 492 (1896).

-2-

See id.  To establish that counsel provided ineffective assistance, a defendant must show both that his attorney's representation was deficient and that the attorney's substandard performance prejudiced him.        See Strickland v. Washington , 466 U.S. 668, 687 (1984).  "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue."        Cook , 45 F.3d at 392.

Although defendant claims there were other meritorious issues that should have been included in his direct appeal, he does not identify any issues or attempt to demonstrate their merit.  Therefore, defendant has not met the requirements of 28 U.S.C. § 2255.    Cf. Hall v. Bellmon  , 935 F.2d 1106, 1110 (10th Cir. 1991) (unsupported conclusory allegations insufficient to state claim).

Defendant next alleges his appellate attorney should have argued that one of the four notes sent by the jury during deliberations indicated that they had not paid attention to the evidence and were therefore incompetent to convict him.  He also contends that the   Allen  charge given by the trial court improperly coerced the jury to reach a verdict.  We have carefully reviewed all of the notes from the jury as well as the   Allen  instruction.  We conclude that even if appellate counsel had raised these issues on appeal, defendant would not have been entitled to any relief.  Cf. United States v. Reed   , 61 F.3d 803, 804-05 (10th Cir. 1995) (finding no abuse of discretion in   Allen  instruction or handling of jury note).     Accordingly,

defendant has not established ineffective assistance of appellate counsel.     See

Medina v. Barnes, 71 F.3d 363, 367 (10th Cir. 1995) ("Because these claims were

meritless, any allegation that appellate counsel was ineffective for failing to raise

them on direct appeal must also fail.").

Defendant also asserts that his trial counsel provided ineffective assistance

because he did not solicit a plea agreement, but instead recommended that

defendant proceed to trial. He also complains that his attorney failed to inform

him of the sentencing possibilities. He maintains that in a case of this

complexity, there would have been plea discussions. The government informed

the district court that its file did not contain any documents indicating that plea

discussions were held. Defendant's claim is based on speculation; he has failed

to establish a reasonable probability that the government was willing to negotiate

a guilty plea or that his sentence would have been different if he had entered a

guilty plea. See United States v. Boone , 62 F.3d 323, 327 (10th Cir. 1995).

Therefore, defendant has failed to demonstrate that he was prejudiced by his

attorney's representation, and his ineffective assistance of trial counsel claim

must fail.

The district court did not abuse its discretion by not holding a hearing

because the motion, files, and records conclusively show he is not entitled to

relief. See 28 U.S.C. § 2255; United States v. Lopez , 100 F.3d 113, 121 (10th

Cir. 1996) (district court's decision not to hold hearing in proceedings under § 2255 reviewed for abuse of discretion). Defendant's "Judicial Notice of Adjudicative Facts" is DENIED.

Defendant's request for a certificate of appealability is DENIED. The appeal is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge